## NORRIS, Inc. v. NATIONAL LABOR RE-LATIONS BOARD et al.

### No. 10198.

United States Court of Appeals District of Columbia Circuit.

Argued April 28, 1949.

Decided May 27, 1949.

Mr. Ernest P. Rogers of the Bar of the Supreme Court of Georgia, Atlanta, Ga., pro hac vice, by special leave of court, with whom Mr. A. Harry Crowell, Washington, D. C., was on the brief, for appellant.

Mr. Bernard Dunau, Attorney, National Labor Relations Board, Washington, D. C., for appellees.

Mr. A. Norman Somers, Assistant General Counsel, and Mr. Robert E. Mullin, Attorney, National Labor Relations Board, Washington, D. C., also entered appearances for appellees.

Before EDGERTON, WILBUR K. MILLER and PRETTYMAN, Circuit Judges.

PRETTYMAN, Circuit Judge.

Norris, Incorporated, brought a civil action in the United States District Court for the District of Columbia, praying that the Labor Board be enjoined from ordering, calling or conducting an election amongst the employees of the plaintiff. The District Court denied a temporary restraining order. Appeal was taken from that judgment under Section 1292, Title 28, United States Code Annotated.

The gist of the complaint was that the Board failed to provide for and hold the hearing required by the statute[1] as a prerequisite to an election, and that the plaintiff would suffer irreparable loss and damage by the election as directed by the Board.

The statute upon which Norris, Incorporated, relies provides that whenever a petition is filed with the Board by a labor organization, alleging that a substantial number of employees wish to be represented for collective bargaining and that their employer declines to recognize their representative, the Board shall investigate the petition and, if it has reasonable cause to

---

[1] Sec. 9(c) (1) of the National Labor Relations Act as amended by the Labor Management Relations Act of 1947, 61 Stat. 144, 29 U.S.C.A. § 159(c) (1).

believe that a question of representation exists, shall provide for an appropriate hearing. The statute further provides that if the Board finds upon the record of the hearing that a question of representation exists, it shall direct an election.[2]

In the present case, the union filed a petition with the Board, requesting that it be certified as the representative of the employees of Norris, Incorporated, and a hearing was ordered. Norris, Incorporated, appeared at the hearing and sought to have the union prove that it (the union) had an interest in the matter. The hearing officer refused to require, and also refused to admit, evidence upon that question. The Board found that a question of representation existed, and directed that an election be held. At that point, Norris, Incorporated, filed the complaint in the present proceeding.

Norris, Incorporated, says that when the statute requires the Board to find upon the record of a hearing that "a question of representation exists", the interest of the petitioning labor organization must appear on the record. The Board says that it may determine by administrative investigation whether the petitioner's interest is prima facie substantial, and is not required to spread upon the record the evidence upon the point. It cites a number of its cases in which it has taken that position,[3] and also points to its statement to that effect in its 13th Annual Report.

■ We do not reach the question posed by the foregoing positions of the parties. The statute provides a clear course of action by which an employer can test the validity of an election of a bargaining representative for his employees. It provides that it shall be an unfair labor practice for an employer to refuse to bargain collectively with the representatives of his employees.[4] It provides that whenever it is charged that any person is engaged in any unfair labor practice, the Board shall have power to issue a complaint, hold a hearing, make findings, and enter an order.[5] It provides that the Board shall have power to petition a circuit court of appeals of the United States for enforcement of that order.[6] It further provides that any person aggrieved by the order of the Board may obtain a review of the order in a circuit court of appeals of the United States.[7] The statute further specifically provides that when an order of the Board in such a proceeding is based in whole or in part upon facts certified following an investigation preliminary to an election, the certification and record of the investigation shall be included in the transcript required to be filed in the reviewing court.[8]

---

[2] The full text of the applicable section of the statute is as follows:

"(c) (1) Whenever a petition shall have been filed, in accordance with such regulations as may be prescribed by the Board—

"(A) by an employee or group of employees or any individual or labor organization acting in their behalf alleging that a substantial number of employees (i) wish to be represented for collective bargaining and that their employer declines to recognize their representative as the representative defined in section 9(a), or (ii) assert that the individual or labor organization, which has been certified or is being currently recognized by their employer as the bargaining representative, is no longer a representative as defined in section 9(a); or

"(B) by an employer, alleging that one or more individuals or labor organizations have presented to him a claim to be recognized as the representative defined in section 9(a);

the Board shall investigate such petition and if it has reasonable cause to believe that a question of representation affecting commerce exists shall provide for an appropriate hearing upon due notice. Such hearing may be conducted by an officer or employee of the regional office, who shall not make any recommendations with respect thereto. If the Board finds upon the record of such hearing that such a question of representation exists, it shall direct an election by secret ballot and shall certify the results thereof."

[3] O. D. Jennings & Company, 68 N.L. R.B. 516, 517–518 (1946), and cases therein cited.

[4] 61 Stat. 141, 29 U.S.C.A. § 158(a).

[5] 61 Stat. 146, 29 U.S.C.A. § 160(b) and (c).

[6] 61 Stat. 147, 29 U.S.C.A. § 160(e).

[7] 61 Stat. 148, 29 U.S.C.A. § 160(f).

[8] 61 Stat. 144, 29 U.S.C.A. § 159(d).

Thus, it is clear that an employer cannot be compelled to bargain with a person claiming to be the representative of his employees, until he has had a hearing before the Board upon a complaint, and a judicial review of the action of the Board, if he desires such review.

It has repeatedly been held that an employer must follow the course thus laid down for him by the statute.[9] The rationale of the statutory plan of procedure is plain. An employer is not permitted to influence the selection of a bargaining representative by his employees, and so he is not permitted to interrupt the process of selection. But he is vitally concerned that the person who approaches him as the bargaining representative of his employees is in fact their representative. Therefore, while he may not interrupt the process of selection, he may test the validity of the selection.

Norris, Incorporated, says that it will suffer irreparable damage if the election be held as planned and directed by the Board, and specifies a loss in excess of a thousand dollars, which it described in oral argument as incidental expenses, and further says that the normal operation of its plant will be interrupted and its employer-employee relationship interfered with and disrupted. Such expenses and damages do not constitute the sort of irreparable injury against which equity will protect in the face of an otherwise adequate remedy at law.[10] Cases such as Fleming v. Moberly Milk Products Co.,[11] cited by appellant, have no application here. The Moberly Milk case dealt with the availability of judicial examination in the absence of specific statutory provision for it.

Affirmed and remanded.

WILBUR K. MILLER, J., dissents.

[9] A. F. of L. v. National Labor Relations Board, 1940, 308 U.S. 401, 60 S.Ct. 300, 84 L.Ed. 347; Inland Empire Dist. Council v. Millis, 1945, 325 U.S. 697, 65 S.Ct. 1316, 89 L.Ed. 1877; May Dept. Stores Co. v. National Labor Relations Board, 1945, 326 U.S. 376, 388, 66 S.Ct. 203, 90 L.Ed. 145; National Labor Relations Board v. Falk Corp., 1940, 308 U.S. 453, 459, 60 S.Ct. 307, 84 L.Ed. 396. These cases dealt with the National Labor Relations Act before its amendment by the Labor Management Relations Act of 1947, but the statutory scheme of procedure for judicial review of Board action was not changed by the amendment. Amazon Cotton Mill Co. v. Textile Workers Union, 4 Cir., 1948, 167 F.2d 183; Amalgamated Ass'n etc. v. Dixie Motor Coach Corp., 8 Cir., 1948, 170 F.2d 902, 907. Switchmen's Union v. National Mediation Board, 1943, 320 U.S. 297, 64 S.Ct. 95, 88 L.Ed. 61, dealt with another statute, but the principle applies in the case at bar.

[10] Heller Bros. Co. v. Lind, 1936, 66 App.D.C. 306, 86 F.2d 862, certiorari denied, 1937, 300 U.S. 672, 57 S.Ct. 611–613, 81 L.Ed. 878; Petroleum Exploration v. Public Service Comm., 1938, 304 U.S. 209, 218–222, 58 S.Ct. 834, 82 L.Ed. 1294; Republic Natural Gas Co. v. Oklahoma, 1948, 334 U.S. 62, 70, 68 S.Ct. 972, 92 L.Ed. 1212.

[11] 1947, 82 U.S.App.D.C. 16, 160 F.2d 259.