**VOLNEY FELT MILLS, Inc. v. LE BUS.**

No. 13873.

United States Court of Appeals
Fifth Circuit.

April 29, 1952.

Samuel Lang, New Orleans, La., for appellant.

Richard C. Keenan, Chief Law Officer, National Labor Relations Board, New Orleans, La., A. Norman Somers, Asst. Gen. Counsel, D. P. Findling, Associate Gen. Counsel, Washington, D. C., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and RUSSELL, Circuit Judges.

PER CURIAM.

Alleging denial and deprivation of its constitutional rights by the actions and conduct of defendant, in the holding, and the certification of the results, of a representation election, plaintiff, as employer of the

electors involved, brought this suit to restrain the defendant from giving effect to the certificate and to set it aside. Defendant moved to dismiss the complaint. An order was entered granting the motion and dismissing the complaint, and plaintiff has appealed.

■ Here it recognizes the law to be that, generally speaking, exclusive initial jurisdiction over matters arising under the Labor Management Relations Act, 29 U.S.C.A. § 141 et seq., is vested, by Congressional enactment, in the National Labor Relations Board, and a district court has no jurisdiction[1] to entertain actions based thereon or growing thereout.

Citing Fay v. Douds, 2 Cir., 172 F.2d 720 and Worthington Pump & Machinery Corp. v. Douds, D.C., 97 F.Supp. 656, it insists, however, that where, as here, a denial or a privation of the constitutional rights of an employer is alleged, the rule is different.

■ We cannot agree. Beginning with this court's decision in the Bradley Lumber Co. case, note 1 supra, the Appellate Courts have adhered without wavering to the rule there laid down.

Of the cases from the Second Circuit relied on by appellant, it is sufficient to say of the Fay case, that it is not in point, and of the Worthington Pump case, that we are not in agreement with the judge's views, as there given.

Appellant is not, as it claims, standing remediless, its constitutional rights invaded and taken away without affording it a judicial hearing. Its day in court[2] will come, and soon, if it presses its available remedies. For that day it must, as all others similarly situated must, wait with such fortitude and patience as it can muster.

The judgment dismissing the cause for want of jurisdiction was right. It is affirmed.

---

1. Bradley Lumber Co. of Arkansas v. N. L. R. B., 5 Cir., 84 F.2d 97; Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638; Newport News Shipbuilding & Dry Dock Co. v. Schauffler, 303 U.S. 54, 58 S.Ct. 466, 82 L.Ed. 646; Norris, Inc., v. N. L. R. B., 85 U.S.App.D.C. 106, 177 F.2d 26.

2. Norris, Inc., v. N. L. R. B., 85 U.S.App. D.C. 106, 177 F.2d 26; May Department Stores v. N. L. R. B., 326 U.S. 376, 66 S. Ct. 203, 90 L.Ed. 145. Cf. N. L. R. B. v. Sidran, 5 Cir., 181 F.2d 671.