## TIMKEN–DETROIT AXLE CO. v. NATIONAL LABOR RELATIONS BOARD et al.

### No. 11580.

United States Court of Appeals
Sixth Circuit.

June 24, 1952.

Emmett E. Eagan, James E. Tobin, Detroit, Mich., for petitioner.

George J. Bott, General Counsel, N.L.R.B., Washington, D. C., A. Norman Somers, Washington, D. C., Frank Bowen, Regional Director, N.L.R.B., Detroit, Mich., David P. Findling, Marcel Mallet-Prevost, Washington, D. C., Harold A. Cranefield, Detroit, Mich., and Lowell Goerlich, Toledo, Ohio, Counsel for UAW—CIO, for respondents.

Before SIMONS, Chief Judge, and MARTIN, Circuit Judge.

SIMONS, Chief Judge.

The petitioner, not being charged or found guilty of an unfair labor practice, seeks to restrain the enforcement of an order setting aside a representation election conducted under the provisions of Section 9 of the National Labor Relations Act, 29 U.S.C.A. § 159. The respondents counter with a motion to dismiss the petition on the ground that the Board's order is not reviewable. Our order of April 14th, denying the petition, was suspended following request of the petitioner to be permitted to submit briefs bearing upon the effect of the Taft-Hartley Act, 29 U.S.C.A. § 141 et seq., and the Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq., upon the power of the court to review an order of the National Labor Relations Board in a representation proceeding. These briefs and answering briefs have now been received and considered.

The petitioner's first contention is that even before the passage of the Taft-Hartley Act jurisdiction would here have resided to review an order setting aside an election on the ground that such review proceedings are incapable of delaying an election already held, so that the basis for denial of judicial review has disappeared. This contention must be rejected in view of A. F. of L. v. N.L.R.B., 308 U.S. 401, 60 S.Ct. 300, 84 L.Ed. 347, and N.L.R.B. v. Falk Corporation, 308 U.S. 453, 60 S.Ct. 307, 84 L.Ed. 396. Both cases hold that Congress had excluded from judicial review actions arising out of representation proceedings authorized by Section 9(c) and that there can be no court review under Section 9(d) until the Board issues an order requiring the employer to do something based upon the result of an election, the court holding in the A. F. of L. Case, supra, 308 U.S. at page 409, 60 S.Ct. at page 84 L.Ed. 347, that the Statute, on its face, indicated a purpose to limit the review afforded by Section 10 to orders of the Board prohibiting unfair labor practices.

The second contention of the petitioner is that the amendment of Section 9 by the Taft-Hartley Act makes an order setting aside an election reviewable under Section 10(f) because Congress has thereby conferred upon employers and employees immunity from more than one valid election in

any twelve months period. This contention must, likewise, be rejected because Section 9(c) (3) deals only with a prior *valid* election, is a limitation only upon the powers of the Board, confers no rights upon the employer who is a wholly disinterested party to representation proceedings, and in nowise changes the procedure for judicial review existing prior to the amendment. Of this amendment, Senator Taft said (Cong.Rec. 6444):

"The House Bill contained a provision which would have permitted judicial review of certifications even before the entry of an unfair labor practice order. In receding on their insistence on this provision the House yielded to the view of the Senate conferees, that such provision would permit dilatory tactics in representation proceedings."

Certification is the final step in such proceedings, A. F. of L. v. N.L.R.B., supra, Norris, Inc. v. N.L.R.B., 85 U.S.App. D.C. 106, 177 F.2d 26. In the latter case, the court said: "The statutory scheme of procedure for judicial review of Board action was not changed by the amendment." This case accords with the views expressed by us in Ohio Power Company v. N.L.R.B., 6 Cir., 164 F.2d 275, decided after the passage of the Taft-Hartley Act.

The final contention of the petitioner is that the Administrative Procedure Act provides an affirmative grant of power to review the Board's action. This question was determined by us adversely to the petitioner when we held that the Administrative Procedure Act does not extend a court's power of review "to such orders as do not, merely by reason of their promulgation, affect or aggrieve the complaining petitioner." The petitioner conceding that, generally, elections are not subject to review, contends that review exists where the union loses an election and the Board after investigation sets it aside and orders a new one. This contention would compel us to read an exception into the law to provide a remedy not given, and such remedy is not to be inferred, Amazon Cotton Mill Company v. Textile Workers' Union, 4 Cir., 167 F.2d 183, 187.

Restraining order denied and the petition dismissed for want of jurisdiction.