UNITED ELECTRICAL, RADIO & MA-CHINE WORKERS OF AMERICA (UE) et al. v. HERZOG et al.

AMERICAN COMMUNICATIONS ASS'N v. HERZOG et al.

INTERNATIONAL FUR & LEATHER WORKERS UNION OF UNITED STATES AND CANADA v. HERZOG et al.

Civ. A. Nos. 5826–52, 5827–52, 5828–52.

United States District Court District of Columbia.

Jan. 27, 1953.

David Scribner, New York City, Donner, Kinoy & Perlin, by Arthur Kinoy, New York City, Forer & Rein, by David Rein, Washington, D. C., for plaintiffs United E., R. & M. W. of America and others.

David Rein and Joseph Forer, Washington, D. C., Victor Rabinowitz, New York City, for plaintiffs American Com. Ass'n.

Forer & Rein, by David Rein, Washington, D. C., Harold I. Cammer, New York City, for plaintiff International F. & L. W. U. of U. S. and Canada.

George J. Bott, General Counsel, David P. Findling, Associate General Counsel, Marcel Mallet-Prevost, Attorney, Dominick L. Manoli, Attorney, Arnold Ordman, Attorney, all of Washington, D. C., for defendants.

LETTS, District Judge.

At the time oral arguments were heard there was submitted for the court's determination the motion of defendant to dismiss in each of the above captioned cases. At that time there was likewise submitted for the court's decision the motion of each plaintiff for permanent injunction.

The plaintiffs seek to enjoin the defendants who are officers and members of the National Labor Relations Board (hereafter referred to as the Board) from enforcing the Board's order of December 19, 1952 requiring the plaintiffs to file answers to questionnaires and providing that if such answers were not on file by December 30, 1952 (later extended to January 7, 1953) plaintiffs would be declared out of compliance with the filing provisions of Sec. 9(h) of the National Labor Relations Act, as amended, 29 U.S.C.A. § 159(h) (hereafter referred to as the Act).

At the time of the issuance of such order the plaintiffs and each of them had been in compliance with the filing requirements of the Act, their officers having filed the non-Communist affidavits required by the Act, using for that purpose the forms supplied by the Board. The Board had acknowledged the receipt of such affidavits and advised the plaintiffs that they were considered in compliance with the requirements of the Act. By its order of December 19, 1952 the Board required plaintiffs' officers to file additional affidavits answering six additional questions. The first four of such questions called for a reaffirmation of the affidavits previously filed by the officers of the plaintiffs in 1949, 1950, 1951 and 1952. The fifth and sixth questions required the officers of the plaintiffs to swear that at all times since the filing of the first affidavits under the requirements of the Act they have not been members of the Communist party or members of a proscribed organization.

It appears that the Board's action of which plaintiffs complain was prompted by a presentment handed up by a grand jury in the United States District Court for the Southern District of New York. The presentment reported that a number of officers of the plaintiffs had appeared before the grand jury and, while identifying the affidavits filed by them with the Board, had pleaded their constitutional privilege with respect to the truth or falsity of the contents of such affidavits. The presentment recommended that the matter be referred to the Board and suggested specific forms of administrative action which in the opinion of the grand jury were indicated and appropriate.

It is the contention of plaintiffs that the Board's order is illegal, as being beyond powers of the Board and because it was based on the presentment made by the New York grand jury, which presentment plaintiffs say was itself illegal.

 It is the view of this court that the function of the Board with respect to the affidavits required by the Act are administrative only, and that the Board does not have authority to inquire as to the truth or falsity of the affidavits. The legislative history of the Act makes it clear that as originally passed by the House the Board would have been empowered and under duty to investigate unions which sought to use the facilities of the Board as to Communist membership of their officers. In conference such power of investigation was eliminated from the Act and Section 9(h) was substituted. That Section of the Act merely requires the filing of the affidavits. The Congressional debates indicate the purpose which Congress entertained in framing the Act. It was to place upon the Department of Justice the duty and power to investigate and to prosecute violators of the Act. It was thought to confer such powers upon the Board would result in delays in the administration of the Act.

It is fully demonstrated that until now the Board has adhered to the view that it had no such powers of investigation as is now asserted in the assailed order. This conclusion is reflected in the Board's annual report for the fiscal year ending June 30, 1949, in which it was said "The Board has consistently held that it will not investigate the authenticity or truth of affidavits filed under Section 9(h), as such in-

vestigations are by the statute made a function of the Department of Justice."

The court is of opinion that the view formerly held by the Board is correct and that the view now asserted is contrary to the Congressional intent and erroneous. It will be noted that Congress has made the penal provisions of the criminal code applicable to the filing of false affidavits and that the Department of Justice must assume the burden which Congress placed upon it. Of course the New York grand jury could not confer investigatory powers upon the Board and its presentment should be referred to the Department of Justice.

It may be mentioned that the order of December 19, 1952 assumed to declare a sanction if the questionnaires were not fully answered. Such assumption of power is not authorized in the Act and was not intended by the Congress.

The defendants' motions to dismiss will be denied and the motions of the plaintiffs for permanent injunction will be granted. Counsel for plaintiffs will present appropriate orders consistent herewith.