## AMERICAN CABLE & RADIO CORP. v. DOUDS.

United States District Court
S. D. New York.
March 30, 1953.

Davis, Polk, Wardwell, Sunderland & Kiendl, New York City, for plaintiff.

Norton J. Come, Washington, D. C., for N. L. R. B.

Shapiro, Rabinowitz & Boudin, New York City, for intervenor American Communications Ass'n.

EDELSTEIN, District Judge.

In an action against the Regional Director of the National Labor Relations Board, the plaintiff seeks to enjoin him from proceeding with any arrangements for a representation election of plaintiff's employees which includes the American Communications Association (to be referred to as the ACA) upon the ballot, and has moved for a preliminary injunction restraining defendant from proceeding with the election until the final determination of an appeal now pending in the United States Court of Appeals for the District of Columbia Circuit. Because its business, which is international communication by cable and radio in all parts of the world, directly and indirectly affects the national defense, plaintiff alleges that should an election take place with the participation of the ACA, confidential information would have to be revealed to that union to the peril of the national defense as well as to the irreparable injury of the plaintiff. The defendant has moved to dismiss on the ground of the absence of jurisdiction of the court over the subject matter, and the ACA has moved to be permitted to intervene in the action.

In a representation proceeding, pursuant to § 9(c) (1) of the National Labor Relations Act, as amended, 29 U.S.C. § 159 (c) (1), 29 U.S.C.A. § 159(c) (1), involving several unions, a formal hearing was ordered on the appropriate unit for an election because the ACA sought a different unit from the one originally petitioned for and subsequently agreed upon by the other unions. Plaintiff objected to the presence of the ACA at the hearing on the ground that it was not in compliance with the non-Communist affidavit requirements of § 9(h), and sought to introduce evidence in support of this position. Since it had been administratively determined that each officer of ACA had filed the required affidavit, the hearing officer, in accordance with Board policy, declined to receive the evidence offered in an attempt to litigate in the representation proceeding the question of ACA's compliance. Plaintiff was also denied permission to cross-examine the ACA president concerning Communist membership and affiliation, and the truthfulness of his non-Communist affidavit, for the purpose of testing his credibility. These rulings form the basis of a claim of denial of due process. The Board's decision on the representation petition rejected the contentions of the ACA with respect to the appropriate unit, affirmed the hearing examiner's rulings, and ordered that an election be held to determine the employees' choice of a collective bargaining representative, with the ACA having a place on the ballot.

However, about a month prior to the Board's order, a presentment was handed up by a Federal Grand Jury in this district describing the non-Communist affidavits filed by officers of the ACA (and of certain other unions) as meaningless because they refused to testify whether the affidavits were true or false. It was recommended to the court that the National Labor Relations Board revoke certification of these unions. Subsequently, in order to determine whether its processes had been abused, the Board directed interrogatories to the ACA officers covered by the Grand Jury presentment. Thereupon, the ACA and certain other labor organizations brought suit in the District Court for the District of Columbia to enjoin the Board's action.[1] That court entered an order permanently enjoining the Board from investigating the truth or falsity of the affidavits on the ground that such investigation was beyond the Board's power. It is from this decision that the Board has taken the appeal mentioned.

All of plaintiff's requests for reconsideration by the Board of its order of election were denied, prior to the issuance of the injunction, on the ground, urged by the AFL and CIO affiliated unions, that the election had already been delayed for more than seven months and the employees had been without representation for more than four years; and subsequent to the issuance of the injunction, on the additional ground that to grant a stay of election even until the final determination of the appeal would be contrary to the spirit if not the letter of the court's order. Plaintiff thereupon commenced this action.

The plaintiff urges the existence of jurisdiction over this controversy on the ground of an invasion of its constitutional rights which is not "transparently frivolous". Fay v. Douds, 2 Cir., 172 F.2d 720, 723. Without deciding the issue of whether an employer, as opposed to a union, who raises a substantial constitutional claim arising from an adverse representation determination may have recourse to a federal district court without awaiting the judicial remedy afforded by statutory review procedure,[2] I find that the grounds asserted do not meet the jurisdictional standard which has been laid down.

1. American Communications Association v. Herzog, D.C., 110 F.Supp. 220.

2. Sections 9(d) and 10(e) or (f) of the National Labor Relations Act, as amended, 29 U.S.C. §§ 159(d) and 160(e) or (f), 29 U.S.C.A. §§ 159(d), 160(e, f).

See Norris, Inc. v. N. L. R. B., 85 U.S. App.D.C. 106, 177 F.2d 26, 27–28. Worthington Pump and Machinery Corp. v. Douds, D.C., 97 F.Supp. 656, held that the employer does have such recourse; contra: Volney Felt Mills, Inc. v. LeBus, 5 Cir., 196 F.2d 497.

In a broad vein, a representation proceeding is not technical. "It is an 'investigation,' essentially informal, not adversary." Inland Empire Council v. Millis, 325 U.S. 697, 706, 65 S.Ct. 1316, 1321, 89 L.Ed. 1877. The analogy between a representation hearing and a trial at law may not be pressed too far. "The preliminary investigation and the hearing in the representation proceeding are not contentious litigation; not even litigation, but investigation. It is made on behalf of the Board by members of its staff. The outcome is merely a certification of a bargaining representative." N. L. R. B. v. Botany Worsted Mills, 3 Cir., 133 F.2d 876, 882. The issue which arises in the proceeding is the determination of which union, if any, the employees desire to represent them in collective bargaining with their employer. Since they are to choose their representative unhindered by the employer, he is at most a nominal party to the proceeding. N. L. R. B. v. National Mineral Co., 7 Cir., 134 F.2d 424; N. L. R. B. v. Whittier Mills Co., 5 Cir., 111 F.2d 474, 478. Of course the employer has an obvious ultimate interest in who the collective bargaining representative is to be; and he may ultimately secure judicial review on the issue of whether the Board properly followed the proceeding required by legislation and whether there is substantial evidence to support its action. But it has no such immediate legal interest as to authorize its appearance, as a matter of right, clothed with all the armor of due process in contentious litigation, in an administrative investigatory proceeding held to determine the employee representative with whom it must bargain in good faith. In these circumstances, the claim of denial of due process on the grounds advanced is utterly unpersuasive.

Nor does the injection of the issue of the non-Communist affidavit alter this conclusion. It is not suggested that Congress could not have specifically and explicitly provided that compliance with § 9(h) was solely an administrative matter. The Board has construed the statute as if it did expressly so read, and there is judicial support for this construction. N. L.

R. B. v. Greensboro Coca Cola Bottling Co., 4 Cir., 180 F.2d 840, 844–846; N. L. R. B. v. Wiltse, 6 Cir., 188 F.2d 917, 920–924. Therefore, even if it were held that the Board has improperly denied plaintiff an opportunity to present proof before it in the representation proceeding of the Communist record of ACA officials and to cross-examine the union president for the purpose of testing his credibility, it has committed an error of law rather than a violation of due process. Furthermore, since the contentions of the ACA at the hearing were overruled, the testimony of the union's president furnished no basis for the Board's ultimate decision, and a refusal to permit him to be cross-examined by plaintiff worked no prejudice to its substantive rights.

Accordingly, the motion for a preliminary injunction will be denied, and the motion to dismiss will be granted. The motion to intervene is, of course, moot.