### E. L. REALTY COMPANY v. CONNECTICUT STATE BOARD OF LABOR RELATIONS

SUPERIOR COURT        NEW LONDON COUNTY        FILE NO. 23270

Memorandum filed December 6, 1955 [1]

*Gilman, Jacobson & Laudone,* of Norwich, for the plaintiff.

*John J. Bracken,* attorney general, and *Daniel E. Ryan,* assistant attorney general, for the defendant.

DEVLIN, J. After a hearing before the defendant board, Local No. 453 of the International Alliance of Theatrical Employees and Moving Picture Machine Operators (A.F. of L.) was certified to be the

[1] Publication of this decision was determined upon in connection with the publication of *Bisogno* v. *Connecticut State Board of Labor Relations,* which follows immediately.

sole bargaining agent of the plaintiff's employees. An appeal was taken from this action under § 7395 (4) of the 1949 Revision (General Statutes § 31-109 [d]). This motion raises the question whether there was a "final order" within the meaning of the appeal provision.

Is the certification of a bargaining agent by the board an order which is reviewable? A review of the cases evidences a distinction between an order of the board restraining an unfair labor practice and a certification in representation proceedings. It is only when an unfair labor practice is involved that the right of review is given. *American Federation of Labor* v. *National Labor Relations Board,* 308 U.S. 401; *National Labor Relations Board* v. *International Brotherhood of Electrical Workers,* 308 U.S. 413; *Timken-Detroit Axle Co.* v. *National Labor Relations Board,* 197 F.2d 512; 2 Teller, Labor Disputes and Collective Bargaining, p. 1095. Such is not the situation here.

The motion is granted.