**EASTERN GREYHOUND LINES,**
**Plaintiff-Appellant,**

v.

**Philip FUSCO, Regional Director, National Labor Relations Board, Defendant-Appellee,**

and

**Amalgamated Association of Street, Electric Railway and Motor Coach Employees of America, AFL-CIO, Intervenor-Appellee.**

**No. 15153.**

United States Court of Appeals
Sixth Circuit.

Oct. 18, 1963.

Theodore Voorhees, Philadelphia, Pa. (Foster J. Fludine, Cleveland, Ohio, on the brief), for appellant.

Herman M. Levy, N. L. R. B., Washington, D. C. (Stuart Rothman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, James C. Paras and Solomon I. Hirsh, Attys., N. L. R. B., Washington, D. C., on the brief), for defendant-appellee.

Earle W. Putnam, Washington, D. C., for intervenor-appellee.

Before CECIL, Chief Judge, O'SULLIVAN, Circuit Judge, and PECK, District Judge.

O'SULLIVAN, Circuit Judge.

By the action here involved, Plaintiff-Appellant, Eastern Greyhound Lines, sought to have the United States District Court at Cleveland enjoin Defendant-Appellee, Philip Fusco, Regional Director of the National Labor Relations Board, from conducting a representation election among the dispatchers and assistant dispatchers employed by Eastern Greyhound Lines. Upon motion of Defendant-Appellee, the complaint was dismissed on a holding that the District Court was without jurisdiction of the cause. The matter was previously before this Court upon Eastern's motion for an injunction pending this appeal from such order of dismissal. We denied the motion and our decision is reported as Eastern Greyhound Lines v. Fusco, 310 F.2d 632 (C.A. 6, 1962). That opinion sets forth the posture of the litigation at the time the aforesaid motion was presented to us. Following dismissal of the complaint, the Regional Director had conducted an election by mail ballot, but had impounded the ballots awaiting our disposition of the motion for injunction pending appeal. After our denial of such motion, the ballots were counted. Thereafter, upon the full hearing of the appeal before us, it was reported that, by a vote of 74 to 49, the Union seeking bargaining rights, to wit: the Amalgamated Association of Street, Electric Railway and Motor Coach Employees of America, AFL-CIO, had won the election and had been duly certified as bargaining representative of plaintiff's dispatchers. It was also reported that upon Eastern's refusal to bargain with Amalgamated as representative of the dispatchers, Amalgamated had filed an unfair labor practice charge with the Board alleging that Eastern had violated Sections 8(a) (5) and (1) of the Act by its refusal to honor the Board's certification of the mentioned Union. We have not been advised of the present status of such proceeding.

This controversy began when Amalgamated had petitioned for a representation election to determine a bargaining representative for the group of Eastern's employees known as dispatchers and assistant dispatchers. The thrust of plaintiff's complaint was that such dispatchers were not employees within the meaning of Section 2(3) of the National Labor Relations Act, 29 U.S.C.A. § 152(3), and were supervisors as defined in Section 2(11) of said Act, 29 U.S.C.A. § 152(11); and that by virtue of Section 14(a) of the National Labor Relations Act, 29 U.S. C.A. § 164(a), it could not be required to bargain collectively with such supervisors.

Attached to plaintiff's complaint as an exhibit was the Decision and Direction of Election made by the Board, in which it adopted and affirmed rulings made by its hearing officer. Such Decision discloses that an extensive hearing was had for the purpose of resolving the issue as to whether or not Eastern's dispatchers were, within the meaning of the statute, supervisors. Upon evidence taken, the issue was decided against Eastern. The Board found that the mentioned dispatchers were not supervisors, and an election was ordered. Plaintiff's complaint alleged, in part, that the Board had come to an erroneous conclusion on the issue before it; that its decision was in conflict with the overwhelming preponderance of the evidence; that the Board had ignored the "uncontradicted evidence that dispatchers have aways been considered supervisors"; that the Board's decision was arbitrary and capricious and "in excess of the Board's delegated powers and not supported by the evidence"; that it constituted an abuse of discretion; that

the action of the Board was an invasion of plaintiff's property rights and denied plaintiff due process of law in violation of the Fifth Amendment to the Constitution of the United States. It further charged that if its dispatchers were found to be other than supervisors, plaintiff would suffer irreparable loss. The District Judge stated:

"The Court is of the opinion that when the Board's decision purports to follow the statutory requirements, and violates no constitutional rights, the Court does not have jurisdiction to review that decision by reweighing the evidence, even when the allegations of the complaint allege that by an arbitrary and capricious abuse of judgment the Board has flaunted a statuory mandate."

We agree with the District Judge.

The Board contends that Eastern's only remedy to review the certification order of the Board is through Sections 9(d) and 10(e) of the Act (§§ 159(d), 160(e) Title 29, U.S.C.A.) whereby an employer may, by resistance to an unfair labor charge, obtain review of such certification. Where a representative election has been held by the Board, and an order entered directing an employer to bargain with a certified bargaining representative, such order is not self-enforcing. Unless it is obeyed, the Board is required by Section 10(e) to apply to the United States Court of Appeals for an order enforcing its order, and under Section 10(f) an employer may likewise petition the Court of Appeals for review of the Board's order. By Section 9(d) it is provided that upon such a hearing there shall be included in the record the transcript of all proceedings had in connection with a representative election and certification, and the Court of Appeals may, upon its consideration of the matter, review the legality of the election and certification order.

But for one case hereinafter noted, it appears to have become settled law that, unless an employer can bring itself within the limited exceptions of Leedom v. Kyne, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed. 2d 210, its challenge to a Board's election or certification orders can be made only when enforcement or review of said orders is sought in the Court of Appeals under § 10(e) or (f) of the Act, 29 U.S. C.A. § 160(e) and (f). Atlas Life Ins. Co. v. Leedom, 109 U.S.App.D.C. 97, 284 F.2d 231, 232 (C.A.D.C.1960); Leedom v. International Brhd. of Elec. Workers, 107 U.S.App.D.C. 357, 278 F.2d 237, 239 (C. A.D.C.1959); Norris, Inc. v. N. L. R. B., 85 U.S.App.D.C. 106, 177 F.2d 26, 27, 28 (C.A.D.C.1949); Volney Felt Mills, Inc. v LeBus, 196 F.2d 497, 498 (C.A.5, 1952); McLeod v. Local 476, United Brhd. of Industrial Workers, 288 F.2d 198, 201 (C.A.2, 1961); International Ass'n. of Tool Craftsmen v. Leedom, 107 U.S.App.D.C. 268, 276 F.2d 514, 516 (C.A.D.C. 1960), cert. denied, 364 U.S. 815, 81 S.Ct. 45, 5 L.Ed.2d 46; National Biscuit Div. v. Leedom, 105 U.S.App.D.C. 117, 265 F.2d 101, 103 (C.A.D.C. 1959), cert. denied 359 U.S. 1011, 79 S.Ct. 1151, 3 L.Ed.2d 1037; Consolidated Edison Co. of N. Y. v. McLeod, 302 F.2d 354, 355 (C.A.2, 1962). It had been held that under § 10(e) of, the Act the Courts of Appeals can review only "final orders" of the Board and that an election and certification order is not such. American Fed. of Labor v. N. L. R. B., 308 U.S. 401, 409, 60 S.Ct. 300, 84 L.Ed. 347.

The above cases thoroughly discuss the reason supporting the rule we follow. We need not here reargue its soundness. It is sufficient to say that these decisions express the view that Congress deliberately designed its statute so that collective bargaining would not be impeded or delayed by allowing injunctions to suspend its beginning until a Board order could be tested by plenary review in the District Courts. Congress, aware of the construction placed on its statute, has refused to so amend it as to provide an earlier and more direct review. See discussion of the relevant legislative history in the dissenting opinion of Justice Brennan in Leedom v. Kyne, 358 U.S. at p. 197, 79 S.Ct. at p. 188, 3 L.Ed.2d 210.

Departure from the unanimity of the decisions above referred to may be found in Boire v. Greyhound Corp., 309 F.2d 397 (C.A. 5, 1962), affirming Greyhound Corp. v. Boire, D.C., 205 F.Supp. 686. While we might contend that its facts distinguish it from the case at bar, we recognize that decision's disagreement with the rule we follow. We respectfully decline to follow it. The case is pending in the Supreme Court upon certiorari granted (372 U.S. 964, 83 S.Ct. 1090, 10 L.Ed.2d 128).

As in other cases where District Court attack was made on an election and certification order, Eastern places reliance on Leedom v. Kyne, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210. There the Supreme Court sustained District Court jurisdiction where the Board admittedly ignored express provisions of the Act. That case's distinction from the case at bar is made clear by the court's following recital:

"On the Board's appeal it did not contest the trial court's conclusion that the Board, in commingling professional with nonprofessional employees in the unit, had acted in excess of its powers and had thereby worked injury to the statutory rights of the professional employees" (358 U.S. 187, 79 S.Ct. 183, 3 L.Ed.2d 210).

■ In the case before us, the Board conducted a hearing and on evidence, some of it conflicting, found that Eastern's dispatchers were not supervisors. We do not think that by charging that this finding was contrary to the facts, was arbitrary and capricious, and an invasion of Eastern's constitutional rights, Eastern's complaint presented a case calling for entertainment by the District Court under the rule of Leedom v. Kyne. We find only one case in which the Supreme Court has, since Leedom v. Kyne, held that its facts sustained District Court jurisdiction. In McCulloch v. Sociedad Nacional de Marineras de Honduras, 372 U.S. 10, 83 S.Ct. 671, 9 L.Ed.2d 547, the Supreme Court held that our National Labor Relations Act did not give the Board jurisdiction to order a representation election, sought by an American union, among employees on foreign flag ships, who were aliens and already represented by foreign unions. The Supreme Court there said, " * * * the presence of public questions particularly high in the scale of our national interest because of their international complexion is a uniquely compelling justification for prompt judicial resolution of the controversy over the Board's power" (372 U.S. 17, 83 S.Ct. 675, 9 L.Ed.2d 547). District Court jurisdiction was sustained. The Court was careful to say, however, "The exception recognized today is * * * not to be taken as an enlargement of the exception in Kyne."

We find nothing in the case at bar to warrant its being excepted from the general rule. Eastern's attack on the election and certification order must be made on the review provided by § 10(e) of the Act.

Judgment affirmed.