**HAWAII PRESS NEWSPAPERS, INC.,**
**Plaintiff,**

v.

**Dennis R. MAC CARTHY and Wilma K.**
**Tice, Defendants.**

**Civ. No. 2376.**

United States District Court
D. Hawaii.
June 9, 1965.

seeking an election of all mailers of the plaintiff. The mailing unit contained two employees, Harold Anderson and George Arii. The plaintiff maintained that Anderson was a supervisor within the meaning of Section 2(3) and Section 14(a) of the NLR Act, 29 U.S.C.A. §§ 152(3) and 164(a).

After hearing, the Regional Director found that both mailers are regular full-time employees of the plaintiff. One mailer, Arii, devotes full time to mailing functions. Anderson spent seventy-five per cent of his time as a mailer and the remaining twenty-five per cent in directing the work of some seventy newspaper carriers. The plaintiff employs approximately 300 carriers making weekly deliveries, who turn in their collections to six part-time route supervisors. The Regional Director found that Anderson was a route supervisor as to the duties relating to the direction of newspaper carriers, but since he spent about seventy-five per cent of his time as a mailer— drawing less pay than Arii—also found that he was a dual-function employee and should be included in the mailing unit. The Regional Director thereupon ordered an election for those two in the mailing unit to vote upon their desire for representation by Local 201.

The plaintiff requested a review of the decision, claiming that the inclusion of a supervisor, Anderson, in the bargaining unit of employees (mailers) conflicted with the terms of the Act. The NLRB summarily denied the request for review, and when defendant Mac Carthy indicated that his office was preparing to hold a representation election within the Act, this injunctive action was filed.

The defendants moved to dismiss, claiming that this court was without jurisdiction, since the Board's action was within its authorized discretion in determining the bargaining units and the plaintiff's remedy is to seek court review after the election, by way of refusing to bargain.

■ All parties agree that normally a district court does not have jurisdiction

Laurence H. Silberman, Honolulu, Hawaii, for plaintiff.

Harvey Letter, Regional Director, N.L.R.B., San Francisco, Cal., for defendants.

PENCE, Chief Judge.

Plaintiff, who operates a weekly newspaper business, seeks an injunction to restrain the defendants, as operator-in-charge and field examiner of the National Labor Relations Board Regional Office in Honolulu, from holding a representation election in the mailing unit of plaintiff. In January 1965, the Lithographers and Photoengravers Union, Local 201 (AFL–CIO), filed a representation petition with the Honolulu office of the NLRB

to review a NLRB representation decision. Plaintiff, however, maintains that this case falls squarely in the holding of Leedom v. Kyne, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958), maintaining that here, too, the district court has jurisdiction to set aside the Board's determination because it is not within the power of the Board to include a supervisor in an employee bargaining group.

Anderson spends but twenty-five per cent of his time as a supervisor. He is fundamentally an employee in the mailing unit and, admittedly, his part-time supervisory work has nothing to do with the unit.

The application of Leedom v. Kyne, supra, has been narrowly determined by the Supreme Court itself. It, in effect, demands that there must be a clear and unequivocal showing that the Board has exceeded its powers. In Leedom, the Board admitted that it had violated the "shall not" command of § 9(b)(1) of the Act by including nonprofessional and professional employees in the same unit without the latters' consent. The Board does not so concede here. Neither is it crystal clear to this court that the Board has exceeded its powers. It appears to this court that the facts in this case closely parallel that of N. L. R. B. v. Florida Agricultural Supply Company, etc., 328 F.2d 989 (5th Cir. 1964). In that case, the only two mechanics in the employ of the company spent three months in the summer working as supervisors. Also, they spent about five per cent of the remaining nine months as substitute supervisors and throughout the year attended the monthly supervisor meetings. The Board held that they should be included in the bargaining unit during the nine months when they were functioning as mechanics and the gist of the Board's decision was the "sharp demarcation * * * between their supervisory and nonsupervisory status * * *. The sharp demarcation * * * was accentuated * * * because the functions of part-time supervisors are not so sharply differentiated that the Board policy is to the contrary

with regard to them." The appellate court continued: "We need not reach the validity of this Board policy as it relates to seasonal supervisors. Indeed, it is not our province to consider policy. We are bound to determine the legal question *under the facts as presented* of whether an employee serving a substantial portion of the year as a supervisor may be included in the bargaining unit under the terms of the Act. * * * It goes without saying that a determination of supervisory status depends on the particular facts of each case." (Emphasis added.) Id. at 991.

As was said in Eastern Greyhound Lines v. Fusco, 323 F.2d 477, 479 (6th Cir. 1963), "unless an employer can bring itself within the limited exceptions of Leedom v. Kyne, [supra] * * * its challenge to a Board's election or certification orders can be made only when enforcement or review of said orders is sought in the Court of Appeals under § 10(e) or (f) of the Act, 29 U.S.C.A. § 160(e) and (f)," (citing many cases).

Boire v. Miami Herald Publishing Company, 343 F.2d 17 (5th Cir. 1965), likewise held:

"The courts have generally interpreted Kyne as sanctioning the use of injunctive powers only in a very narrow situation in which there is a 'plain' violation of an unambiguous and mandatory provision of the statute. * * * [I]n light of the congressional purpose behind limited review of certification proceedings, representation matters are enjoinable only where the fact of a statutory violation cannot seriously be argued and where the deviation resulted in a deprivation of a 'right' guaranteed by the Act." Id. at 21.

Here, too, as in Boire, persuasive—and contradictory—argument was advanced on both sides as to the application of the legislative history to the pertinent sections of the Act, as well as the application of those sections to the particular facts of the case, and it does not appear to this court that the Board's order is so clearly and manifestly contrary to and

violative of either the specific sections or congressional intent as to permit here the exercise of the equity powers of this court.

This court does not find that the Board here has clearly violated the express mandate of the Act, as was decided in Leedom v. Kyne, supra, and concludes that the procedure followed in N. L. R. B. v. Florida Agricultural Supply Company, etc., supra, is the proper route for the employer here.

Defendants' motion to dismiss the complaint for lack of jurisdiction is granted.