**Wallace REEVES, d/b/a National Printing Company**

v.

**Walter C. PHILLIPS, as Regional Director for the National Labor Relations Board.**

**Civ. A. 7818.**

United States District Court
N. D. Georgia,
Atlanta Division.
Feb. 13, 1962.

Parker, Daniel, Wayman & Read, Atlanta, Ga., for plaintiff.

Marcel Mallett-Prevost, Asst. Gen. Counsel, N. L. R. B., Washington, D. C., Gilbert Cohen, Atlanta, Ga., for defendant.

MORGAN, District Judge.

On February 9, 1962, the plaintiff in the above-styled case filed a complaint in this Court alleging, in substance, that he should be granted a temporary restraining order to prohibit the defendant from holding representation elections at plaintiff's printing plant on February 13, 1962, for the purpose of determining whether either, neither, or both of two petitioning unions represent the employees of the plaintiff for collective bargaining purposes. The Court scheduled and held a hearing on February 12, 1962, so as to determine the merit of plaintiff's contention, at the conclusion of which the Court directed that the election proceed and that the ballots be impounded pending a final ruling by this Court.

Plaintiff complains that at a regularly scheduled hearing held on December 6, 1961, before a Hearing Officer of the National Labor Relations Board, plaintiff was denied opportunity to present evidence which would have disqualified either of the petitioning labor organizations from representing any of plaintiff's employees; that the action of the Hear-

ing Commissioner was upheld by the National Labor Relations Board; and that the Rules and Regulations of the Board, to-wit: 102.67, 29 U.S.C.A.Appendix, are inadequate for plaintiff to obtain a review of the issues raised by him, and, in fact, deny him his right to review. Plaintiff further alleges that he has no adequate remedy at law, and that he will suffer irreparable damage if equitable relief is not granted by this Court, and prays for a temporary injunction.

At the hearing held on February 12, 1962, defendant filed a motion to dismiss the complaint because:

1. This Court is without jurisdiction of the subject matter of the action.

2. The action is premature.

3. The complaint fails to state a claim upon which relief may be granted.

The first question presented is whether this Court lacks jurisdiction over the subject matter of the action. Does the plaintiff have a full and adequate statutory method for obtaining judicial review which is exclusive of other review proceedings? Settled authority in the Courts of Appeals and District Courts requires this question to be answered in the affirmative.

 The National Labor Relations Board performs two separate and dissimilar functions under the Act. As a quasi-judicial tribunal, it is charged with the task of deciding whether particular conduct violates the unfair labor practice provisions contained in Section 8 of the Act. 29 U.S.C.A. § 158. These proceedings are adversary in nature and result in Board decisions and orders which are reviewable directly under Section 10(e) and (f) of the Act, 29 U.S.C.A. § 160(e, f), in the appropriate Court of Appeals upon the petition of the Board to enforce the order or on the petition of "any person aggrieved" to review such an order.

 The Board's other function entails the administration of the representation provisions contained in Section 9 of the Act, 29 U.S.C.A. § 159. The Board's primary responsibility in this area involves the direction and holding of elections through which employees may freely designate, if they wish, representatives for the purpose of collective bargaining. Proceedings under the representation provisions of the Act are nonadversary in nature and do not result in the issuance of enforceable orders. A.F.L. v. N.L.R.B., 308 U.S 401, 409, 60 S.Ct. 300, 84 L.Ed. 347; N.L.R.B. v. National Mineral Co., 134 F.2d 424, 426 (C.A. 7). The settled rule in this class of cases is that determinations in representation proceedings are not reviewable by district courts under their general equity jurisdiction but may be reviewed in the court of appeals when relevant to an unfair labor practice proceeding in such a court.

 The National Labor Relations. Act provides for judicial review of such representation determinations in only one instance, i. e., Section 9(d) provides. that when a representation determination forms the basis for an unfair labor practice order and that order is before a court of appeals for review under Section 10(e) or (f) of the Act, the representation determination may be reviewed at that time. Thus, plaintiff, contrary to its allegation in Paragraph 14 of its complaint, may obtain a review of the representation determination of which it complains by refusing to recognize the certification of the election results after it is issued. This would subject plaintiff to an unfair labor practice proceeding involving Section 8(a)(5) of the Act. This unfair labor practice proceeding, together with the underlying representation determination could be reviewed as provided by Section 9(d) in the court. of appeals. Under this procedure, no enforceable order will be entered until plaintiff has had an opportunity to obtain the review sought herein and consequently it is clear that plaintiff could not following an election and certification, suffer the injuries enumerated in its complaint. Furthermore, this Court is of the opinion that Section 102.67(f) of the Board's Rules and Regulations would not preclude plaintiff from having

the representation determination reviewed by the court of appeals in the manner described above. Since this procedure is exclusive, the plaintiff's suit in this court is precluded. Atlas Life Insurance Co. v. N.L.R.B., 109 U.S.App. D.C. 97, 284 F.2d 231; General Cable Corp. v. Leedom, 107 U.S.App.D.C. 357, 278 F.2d 237, 239.

■ It might be argued that, by deciding the question of domination in a representation proceeding, the Board cuts off the right of review which would be available if the question were decided in an unfair practice proceeding under Section 10. The answer is that Congress intended that there should be a review of an unfair practice proceeding but not of a representation proceeding. There is a vital difference between the two. The order made in an unfair practice proceeding is a final order involving definite commands and prohibitions and is a proper subject of judicial review. The order in a representative proceeding directing an election is a mere interlocutory order in the administrative process leading up to the collective bargaining which is the object of the statute. It is a mere step in the preliminary administrative proceeding; and it is well settled that the Federal Courts will not interfere with an administrative agency at an intermediate point in its procedure and before all administrative proceedings are completed. Madden v. Brotherhood and Union of Transit Employees of Baltimore, 147 F.2d 439, 445 (C.A. 4); Rochester Telephone Corporation v. United States, 307 U.S. 125, 130, 59 S.Ct. 754, 83 L.Ed. 1147.

Since it is determined, therefore, that this Court has no jurisdiction to entertain the complaint of the plaintiff, the other grounds contained in defendant's motion to dismiss will not be considered.

The defendant's motion to dismiss is sustained, in that the plaintiff's cause of action, as set out in his complaint, is not one which should be entertained by this Court.

It is so ordered.