**CONSOLIDATED EDISON COMPANY OF NEW YORK, Inc., Plaintiff-Appellant,**

v.

**Ivan C. McLEOD, Regional Director for the Second Region of the National Labor Relations Board, Defendant-Appellee.**

**No. 337, Docket 27412.**

United States Court of Appeals Second Circuit.

Argued March 26, 1962.

Decided March 26, 1962.

John A. Pateracki, Jr., of Whitman, Ransom & Coulson, New York City (Pincus M. Berkson, Kevin Thomas Duffy, New York City, of counsel, on the brief), for plaintiff-appellant.

James C. Paras, Attorney, National Labor Relations Board, Washington, D. C. (Stuart Rothman, General Counsel, Dominick L. Manoli, Associate General Counsel, Marcel Mallet-Prevost, Asst. General Counsel, Standau E. Weinbrecht, Attorney, National Labor Relations Board), for defendant-appellee.

Before MEDINA, SMITH and HAYS, Circuit Judges.

HAYS, Circuit Judge.

The plaintiff brought this action in the district court to enjoin a National Labor Relations Board election for the determination of representatives. The district court denied an injunction. We affirmed from the bench.

The controversy concerns certain employees in plants recently acquired by the plaintiff. The plaintiff maintains that these employees, under the Board's doctrine of "accretion," should be represented by the Utility Workers which, with certain limited exceptions, represents plaintiff's employees in a system wide unit. The effect of the Board's determination, which is here controverted, was to give the employees of the newly acquired plants an opportunity to choose between being represented by the Utility Workers and having separate representatives.

We do not pass upon the merits of the Board's order because we are persuaded that the district court had no jurisdiction to grant the injunction which the plaintiff sought.

 The orders of the Board are reviewable, not by the district courts, but by the Courts of Appeals (National Labor Relations Act, Section 10; 29 U.S. C.A. § 160). Section 9(d) of the Act (29 U.S.C.A. § 159(d)) provides expressly for review by the Court of Appeals of determinations as to representation.

There is, however, a very narrow and limited area in which district courts have the power to enjoin actions of the Board with respect to representation. Where the Board's action is unconstitutional (Fay v. Douds, 172 F.2d 720 (2d Cir. 1949)), contravenes a specific provision of the statute (Leedom v. Kyne, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958)) or exceeds the jurisdiction of the Board in the field of foreign relations and thereby offends a friendly foreign power (Empresa Hondurena de Vapores v. McLeod, 300 F.2d 222 (2d Cir. 1962)) the district courts may grant injunctive relief.

In the present case, accepting as true all the allegations of the compaint, the Board's action in disregarding its own "accretion" doctrine is clearly not unconstitutional nor violative of any specific command of the statute and, of course, it has nothing to do with foreign affairs.

The Board's action is alleged to be arbitrary, unreasonable and unsupported by the evidence. On this we express no opinion, since it is quite clear that the district court was correct in deciding that it had no jurisdiction to review the Board's determination in these respects.