The GREYHOUND CORPORATION, a Delaware corporation, Plaintiff,

v.

Harold A. BOIRE, as Regional Director, Twelfth Region, National Labor Relations Board, Defendant.

Civ. No. 4414.

United States District Court
S. D. Florida,
Tampa Division.
June 11, 1962.

Warren E. Hall, Jr., Chesterfield H. Smith, Wofford H. Stidham, Bartow, Fla., for plaintiff.

Martin Sacks, N. L. R. B., Tampa, Fla., for defendant.

LIEB, District Judge.

This cause came on to be heard upon the plaintiff's Prayer for Preliminary Injunction, said hearing having been provided in the Court's Temporary Restraining Order and Order Setting Hearing for Preliminary Injunction entered May 24, 1962. Prior to the hearing, the defendant filed a Motion to Dismiss and, in the alternative, a Motion for Summary Judgment. Plaintiff presented its Complaint and exhibits attached thereto, together with an affidavit of an officer of Floors, Inc., of Florida, and an affidavit of the regional manager of plaintiff, the latter affidavit, in part, swearing to the allegations of the Complaint. No affidavits were presented on behalf of the defendant nor were any sworn pleadings filed on behalf of said defendant.

After considering the matters hereinabove referred to and hearing argument of counsel for the respective parties, the Court is of the opinion that there are no material issues of fact, and the issues of law as resolved herein make it unnecessary and undesirable for the Court to issue a temporary injunction but that a permanent injunction is warranted by the findings hereinafter set forth.

The plaintiff contends that a Decision and Direction of Election of the National Labor Relations Board in that Board's case No. 12–RC–1209, issuing certain directions to the defendant herein, is contrary to the express provisions of the National Labor Relations Act, as amended, 29 U.S.C.A. § 151 et seq., and is beyond the statutory powers vested in the National Labor Relations Board. This contention is predicated upon the fact that in said Decision and Direction of Election, the Board found that a corporate entity other than plaintiff, viz., Floors, Inc., of Florida, hires, pays, disciplines, transfers, promotes and discharges the porters, janitors and maids who are alleged to constitute an appropriate unit for the purposes of collective bargaining; but nevertheless also found that the said Floors, Inc., and the plaintiff, were joint employers of the employees in the said unit. The findings of the Board, allegedly in support of a joint employer relationship, are that the plaintiff's terminal managers confer with Floors' supervisors in setting up work schedules and in determining the number of employees required to meet those schedules; that Floors' supervisors may visit the plaintiff's terminals on an irregular basis, and on occasion may not appear for as much as two days at a time; that the employees receive work instructions from plaintiff's terminal officials; and that on one occasion the plaintiff prompted the discharge of a porter whom it felt to be an unsatisfactory employee. The Court is of the opinion that the findings of the Board, as recited, are, as a matter of law, insufficient to create a joint employer relationship with respect to the employees in said unit; but that,

on the contrary, said findings establish as a matter of law that Floors, Inc., is an independent contractor and, for the purposes of collective bargaining, its employees are not the employees of the plaintiff. The Court is therefore of the opinion and finds that with regard to representation proceedings the Board is prohibited by the provisions of the National Labor Relations Act, as amended, from conducting a representation election wherein the plaintiff is a party-employer with regard to persons who, under the Act, are not its employees. The Court finds that Section 9 of the Act expressly contemplates representation proceedings only as regards the employer of the employees comprising the unit found to be appropriate by the Board. The Court further finds that by virtue of Section 2 (3) of the Act, any individual having the status of an independent contractor is expressly excluded from the term "employee", as defined in that Act. As a matter of law, the employees of an independent contractor do not stand in the relationship of employer-employee with regard to the principal who employs the independent contractor for the purpose of Section 9 of the Act, unless the facts involve an alter ego situation, that is where one employer is in fact the alter ego of another employer, which is clearly not the case in this instance. To follow a contrary interpretation of the Act would be patently absurd. One can readily see that the prime object of the compulsory bargaining feature of the Act is to bargain on wages and working conditions. It is impossible to comprehend how an employer could bargain in good faith about wages with employees who are not paid by said employer and over whom the said employer cannot exercise the power of hiring or firing.

The Court further finds that this case is controlled by the decision of the Supreme Court of the United States in Leedom v. Kyne (1958), 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210, and that this Court has jurisdiction of the action under Section 24(8) of the Judicial Code, 28 U.S.C.A. § 1337, because the action arises under an Act of Congress regulating commerce. The Court further finds that in its said Decision and Direction of Election the Board has attempted to act in excess of its delegated power, particularly in view of the legislative history of the portion of the Taft-Hartley Act of 1947 which amended the definition of the word "employee" so as to expressly exclude "independent contractors".

In further support of the Court's finding that there is no employer-employee relationship, as between the persons described in the unit and the plaintiff, are affidavits which are not challenged by counter-affidavits in this case, demonstrating conclusively that, with respect to the said employees, Floors, Inc., and only Floors, Inc., pays social security taxes and unemployment compensation insurance, withholds Federal income taxes, determines rates of pay and hours of employment, provides day to day supervision, furnishes all supplies and equipment used by its employees, and retains and exercises the right to use its employees on whatever job it desires; and that the employees in the purported unit constitute only a relative few of Floors' employees in the areas involved, such other employees being engaged in activities wholly unrelated to the plaintiff.

The defendant's contention is that this Court is without jurisdiction of the subject matter, first, because the subject matter is exclusively within the competence and jurisdiction of the Board by virtue of the National Labor Relations Act, and as amended by the Taft-Hartley Act, and second, even if this Court is not deprived of jurisdiction because of the Acts cited above, it lacks equity jurisdiction because of the availability of other adequate remedies which exist before the Board and before the Court of Appeals. through the enforcement proceedings provided for in the Act.

■■ With regard to the first contention, it is the opinion of the Court that the subject matter involved in this litigation is not the subject matter which

is within the exclusive jurisdiction and competence of the Board, and the matter involved in this cause does not involve a review of an erroneous decision of the Board but rather involves an attack on the action taken by the Board which it was not authorized to take under the statute. Representation orders of the Board have not been vested with complete immunity from injunction, either by inferences from the National Labor Relations Act or on the principle of Myers v. Bethlehem Shipbuilding Corporation, 303 U.S. 41, 58 S.Ct. 459, 82 L. Ed. 638 (1938). (See Empresa Hondurena de Vapores, S. A. v. McLeod, Regional Director, etc. (2 Cir. 1962), 300 F.2d 222.) Whether or not this Court is authorized to intervene in a representation proceeding depends ultimately on the facts presented to it; and if it appears that the Board exceeded its delegated powers, either by acting contrary to a mandatory prohibition of the Act (see Leedom v. Kyne, supra) or by acting clearly contrary to the over-all spirit of the Act and the manifested intention of Congress (see Empresa Hondurena de Vapores v. McLeod, supra), then this Court cannot fail to exercise its equity powers to prevent a wrong.

■ With regard to the second contention that this Court lacks equity jurisdiction because of the availability of other remedies, it is the opinion of the Court that this contention is equally without merit. The method allegedly open to the plaintiff to contest the Board's decision is as follows: The plaintiff can refuse to bargain with the Union involved in this case when it is certified, and thereby plaintiff is open to an unfair labor practice charge. (29 U.S.C.A. § 158(a)(5).) As an incident to the hearing of such charge by the Board, and upon review by a United States Court of Appeals, the certification of the Union can be inquired into. (29 U.S.C.A. §§ 159(d), 160.) The defendant further contends in this respect that even under Leedom v. Kyne, supra, it is only the Union that is entitled to invoke the equity jurisdiction of Federal District Courts.

The defendant's contention that the alleged availability of this method of review bars the plaintiff from seeking relief from this Court does not bear close analysis. First, it presupposes that, upon the plaintiff's refusal to bargain in good faith, the Union will file an unfair labor charge. Second, it presupposes that, upon the filing of such an unfair labor charge by the Union, the Board will institute an enforcement proceeding. These presuppositions are patently without foundation. The likelihood that the Union will resort to the use of the powerful weapon of picketing, and thereby tie up with a handful of pickets the entire transportation system of the plaintiff, is far greater and more real than the likelihood that the Union will resort to filing an unfair labor charge with the Board.

Assuming, but not admitting, that the Union will file an unfair labor charge upon the plaintiff's refusal to bargain, the determination of the unfair labor charge by the Board, and the enforcement proceeding, are known to be prolonged and very time-consuming; and picketing of the plaintiff by the Union while the case is being decided by the Court of Appeals could mean complete economic ruin to the plaintiff. Even if the plaintiff would ultimately prevail, its victory would, indeed, be a Pyrrhic one. In the light of the foregoing, one is compelled to conclude that the said method of review, allegedly available to the plaintiff, is not an adequate remedy.

With regard to the contention that under Leedom v. Kyne, supra, only the Union can invoke the equity jurisdiction of the District Court, it is the opinion of the Court that nothing in the Leedom case indicates the proposition urged here by the defendant. This contention was rejected by the Court in Worthington Pump and Machinery Corporation v. Douds et al. (1951, D.C.N.Y.), 97 F.Supp. 656, and this Court is in full agreement with the principles expressed in said case.

■ The defendant also contends that the Court lacks jurisdiction of the members of the National Labor Relations

Board who are indispensable parties to this action. This contention is likewise without merit because the relief sought may be effectively granted against the defendant Regional Director (see Empresa Hondurena de Vapores v. McLeod, supra; Williams v. Fanning (1947), 332 U.S. 490, 68 S.Ct. 188, 92 L.Ed. 95; and Bradley Lumber Co., etc. et al. v. National Labor Relations Board (5 Cir. 1936), 84 F. 2d 97).

The defendant also contends that the action is premature. This is merely another way of saying that the plaintiff must exhaust administrative remedies provided with regard to unfair labor practice cases, as set forth in the National Labor Relations Act, as amended. This contention is likewise without merit for the same reasons assigned hereinabove with regard to the contention that the Court is without jurisdiction of the subject matter of this action.

Finally, the defendant contends that the Complaint fails to state a claim warranting relief. The Court finds this contention likewise to be without merit for the same reasons hereinabove assigned with regard to the contention that the Court is without jurisdiction of the subject matter and the contention that the action is premature.

For the reasons hereinabove assigned, the defendant's Motion to Dismiss will be denied.

Defendant moves, in the alternative, that a Summary Judgment be entered in his favor on the basis of the Complaint, and exhibits attached thereto, and the Motion, and exhibits attached thereto. The exhibits attached to the Complaint consist of the Decision and Direction of Election, which is the subject matter of the Complaint, together with letters from the assistant to the Regional Director, defendant herein, advising plaintiff of the immediacy of the proposed election, copies of agreements between the plaintiff and Floors, Inc., with respect to the services involved herein, and a certified copy of an Order of the United States District Court of the Southern District of Florida, Jacksonville Division, in an action between plaintiff and the petitioning Union in the instant case, wherein the Honorable Bryan Simpson, United States District Judge, found the contract between the plaintiff and Floors, Inc., to constitute an independent contractor relationship.

The exhibits to the Motion of the defendant are comprised of a Petition to the National Labor Relations Board, dated April 17, 1961, wherein the employees in the unit proposed by the National Labor Relations Board in this case petition for a representation election with regard to their employer, Floors, Inc.; an Amended Petition dated May 25, 1961, naming Southeastern Greyhound Lines and Floors, Inc., as the "employers"; a copy of the Decision and Direction of Election, which is also attached as an exhibit to the Complaint; a copy of an Order dated May 25, 1962, denying a Motion for Reconsideration in case No. 12–RC–1209, filed by Floors, Inc.; and a Memorandum in Support of Defendant's Motion to Dismiss the Complaint and for Summary Judgment. The Memorandum in Support of the Motions will not be construed as evidence in the case but merely as a legal memorandum or brief of the defendant.

The plaintiff filed with the Court, and served upon the defendant, an affidavit of the secretary of Floors, Inc., of Florida, setting forth in detail all of the elements which constitute Floors, Inc., as the sole employer of the employees in the proposed unit. The plaintiff also filed and served upon the defendant the affidavit of J. W. Cable, Regional Manager of the plaintiff for the territory covering the State of Florida, identifying under oath the various attachments to the Complaint, swearing to the allegations of the Complaint, and setting forth in substantial detail the relationship between the plaintiff and Floors, Inc., demonstrating a pure independent contractor relationship.

Inasmuch as the Motion for Summary Judgment of the defendant raises no issue of fact, and inasmuch as said Mo-

tion for Summary Judgment does not refute the allegations of the Complaint or of the affidavits in support thereof, but relies upon the same contentions of law hereinabove referred to with regard to the Motion to Dismiss, and said contentions being found by the Court to be without merit, the said Motion for Summary Judgment will likewise be denied.

 The Court finds that the plaintiff has a statutory right not to be held to be an employer jointly and together with an independent contractor with respect to the employees of said independent contractor in a representation proceeding under the Act, and that the violation of the Act on the part of the National Labor Relations Board and the deprivation of said right of the plaintiff will cause the plaintiff to suffer irreparable injury unless the injunction prayed for be granted. The Court finds that the plaintiff has no adequate remedy at law. It is, therefore, upon consideration,

ORDERED, ADJUDGED and DECREED:

1. That the defendant, Harold A. Boire, as Regional Director of the Twelfth Region, National Labor Relations Board, his successors or designees, and all persons acting in his stead or under his direction or control, be, and they are hereby, permanently enjoined from conducting, or causing to be conducted, a representation election of all porters, janitors and maids working at The Greyhound Corporation's bus terminals in Miami, St. Petersburg, Tampa and Jacksonville, Florida, pursuant to the Decision and Direction of Election of the National Labor Relations Board in that Board's case No. 12–RC–1209, issued May 3, 1962, wherein the Greyhound Corporation (Southern Greyhound Lines Division) and Floors, Inc., of Florida, are alleged to be the employer, and Amalgamated Association of Street, Electric Railway and Motor Coach Employees of America, AFL-CIO, is alleged to be the petitioner.

2. That defendant's Motion to Dismiss be, and the same is hereby, denied.

3. That defendant's Motion for Summary Judgment be, and the same is hereby, denied.

4. That the defendant was not wrongfully restrained by the Temporary Restraining Order heretofore issued in this case and, therefore, that the bond given by the plaintiff as security required by Rule 65 of the Federal Rules of Civil Procedure, 28 U.S.C.A. may be dissolved and no other or further security need be given by the plaintiff in this cause.