310 F.2d 632
 EASTERN GREYHOUND LINES (A Division of the Greyhound
Corporation), Plaintiff-Appellant,
v.
Phillip FUSCO, Regional Director, National Labor Relations
Board, Defendant-Appellee, and Amalgamated Association of
Street, Electric Railway and Motor Coach Employees of
America, AFL-CIO, Intervenor-Appellee.
 No. 15153.
 United States Court of Appeals Sixth Circuit.
 Dec. 4, 1962.
 
 Theodore Voorhees, Dechert, Price & Rhoads, Philadelphia, Pa., Foster Fludine, Hartshorn, Thomas, Edelman & Fludine, Cleveland, Ohio, for appellant.
 Marcel Mallet-Prevost, Asst. General Counsel, National Labor Relations Board, Washington, D.C., for appellee.
 Earle W. Putnam, Washington, D.C., Calfee, Fogg, McChord & Halter, Cleveland, Ohio, for intervenor-appellee.
 Before CECIL, Chief Judge, and WEICK and O'SULLIVAN, Circuit Judges.
 O'SULLIVAN, Circuit Judge.
 
 
 1
 This cause is before us on plaintiff-appellant's motion for an injunction pending appeal. Plaintiff-appellant, Eastern Greyhound Lines, is a common carrier operating out of Cleveland, Ohio. Defendant-appellee, Fusco, is the Regional Director for the Eighth Region of the National Labor Relations Board. On April 2, 1962, the Amalgamated Association of Street, Electric Railway and Motor Coach Employees of America, AFL-CIO, intervenor here, filed a representation petition with the Eighth Region of the Labor Board requesting that a representation election be conducted among the dispatchers employed by Eastern. Eastern contested the petition on the ground that the dispatchers involved were supervisors within the meaning of Section 2(11) of the National Labor Relations Act, as amended, 29 U.S.C.A. 152(11). In May, 1962, a six day hearing was held on the petition, after which the Board, on August 2, 1962, issued its decision that the dispatchers were employees and not supervisors within the meaning of the Act. The Board determined that they, with other employees, constituted an appropriate unit for collective bargaining and ordered an election to be conducted among the dispatchers.
 
 
 2
 On August 16, 1962, Eastern Filed suit in the United States District Court for the Northern District of Ohio, Eastern Division, to restrain the Regional Director from conducting the representation election and to review and set aside the Board's determination on the grounds that such determination was not supported by the record and was contrary to Section 2(11) of the Act. More specifically, the allegations of the amended complaint charged that the Board's 'findings are insufficient,' that the Board's decision 'conflicts with the overwhelming whelming preponderance of the evidence,' and that the decision 'ignored * * * uncontradicted evidence.' It is further alleged that such action of the Board was contrary to the provisions of the National Labor Relations Act, in excess of the Board's powers, and denied Eastern due process of law.
 
 
 3
 Eastern moved for preliminary injunction to restrain the Regional Director from holding the election. Fusco moved for dismissal of the complaint. After a hearing, a preliminary injunction was issued restraining the election, pending the court's consideration of the matter. On September 12, 1962, the District Judge announced his decision concluding that he was without power or jurisdiction to review the Board's determination. He said that such review entailed only a 'reweighing of the evidence.' He dismissed the complaint and dissolved the preliminary injunction. Eastern then filed its notice of appeal.
 
 
 4
 Thereafter, an agreement was reached between Eastern and the Regional Director whereby ballots for the election were to be mailed to the dispatchers and received back by the Regional Director. The Regional Director would then impound the returned ballots and not tabulate the results of the election pending the disposition of Eastern's present motion in this court. All of these steps have been taken and, at present, the ballots are impounded.
 
 
 5
 Eastern's motion here asks us to maintain the status quo by ordering that the ballots remain impounded and enjoin their tabulation until its appeal is heard on the merits. We have power to grant the relief requested to prevent irreparable harm to parties during the pendency of an appeal. Scripps-Howard Radio v. Federal Communications Comm., 316 U.S. 4, 9, 10, 62 S.Ct. 875, 880, 86 L.Ed. 1229, 1234. Such authority is a necessary incident to our power to issue writs under Section 1651, Title 28, U.S.C.A., in aid of, or to protect, our appellate jurisdiction.
 
 
 6
 The issuance of an injunction pending appeal is a matter within our discretion. Virginian R. Co. v. United States, 272 U.S. 658, 672, 673, 47 S.Ct. 222, 228, 71 L.Ed. 463, 471. We will ordinarily withhold such relief unless the litigant seeking it is presently threatened with irreparable injury. Hitchman Coal & Coke Co. v. Mitchell, 245 U.S. 229, 262, 38 S.Ct. 65, 76, 62 L.Ed. 260, 280, 281. It will not be granted 'against something merely feared as liable to occur at some indefinite time in the future.' Connecticut v. Massachusetts, 282 U.S. 660, 674, 51 S.Ct. 286, 291, 75 L.Ed. 602, 609.
 
 
 7
 By its complaint in this case, Eastern seeks to have the District Court review and set aside the NLRB determination that its dispatchers are not withing the meaning of 2 of the NLRA (152(11), Title 29 U.S.C.A.). It contends that the Board erred in its weighing of the evidence relevant to the issue presented and arrived at erroneous factual conclusions. Under applicable decisions, it seems how to be clear that unless the Board's action is patently without legality as was the case in Leedom v. Kyne, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210, the route of review of a certification order of the Board is through Sections 9(d) and 10(e) of the Act (159(d) and 160(e), Title 29 U.S.C.A.) whereby an employer of a union may, by resistance to an unfair labor charge, obtain a review of such certification. American Federation of Labor v. N.L.R.B., 308 U.S. 401, 60 S.Ct. 300, 84 L.Ed. 347; Thompson Products v. N.L.R.B., 6 Cir., 133 F.2d 637, 640; Atlas Life Insurance Company v. Leedom, 109 U.S.App.D.C. 97, 284 F.2d 231, 232 (1960); Volney Felt Mills, Inc. v. LeBus, 196 F.2d 497, 498 (C.A.5, 1952); Consolidated Edison Co. of New York v. McLeod, 302 F.2d 354 (C.A.2, 1962).
 
 
 8
 Should the ballots now impounded be counted and the intervenor union win the election and be certified as the bargaining representative of Eastern's dispatchers, Eastern's inital step to set in motion the above review procedure would be to refuse to bargain with the union. If such refusal is followed by an unfair labor charge, the validity of the certification involved will be considered on the hearing of such charge, and ultimately may come before us on a NLRB application to enforce an order sustaining an unfair labor practice charge. Eastern, however, expresses a fear that upon its refusal to bargain, the union may choose to strike, rather than file an unfair labor charge. Its present motion, however, does not aver that there has been any threat by the intervenor to employ such strategy. In fact, the intervenor's brief disclaims any such intention. It points out that an unfair labor charge has been the customary response of a union to such refusal to bargain. Such representations of intervenor provide a part of the motivation that prompts us to exercise our discretion to now deny a preliminary injunction. In such discretionary matters, courts are justified in placing reliance upon such representations made by counsel, who are officers of the courts to whom they make such addresses. The fear now entertained by Eastern does not, in our opinion, amount to the present threat of irreparable injury necessary to persuade us to employ the extraordinary remedy of injunction. Connecticut v. Massachusetts, supra.
 
 
 9
 We are not unmindful of the disadvantages that can be visited upon an employer by being thus limited to the method of review provided by 10(e). Congress had been made aware of such disadvantages and has considered an amendment that would provide a more direct method of review. It, however, deliberately chose not to make such amendment. Mr. Justice Brennan, in his dissenting opinion in Leedom v. Kyne, supra, made reference to legislative history which discloses the clear intent of Congress to so limit review in these cases. 'The Congress was fully aware of the disadvantages and possible unfairness which could result from the limitation on judicial revew enacted in 9(d).' 358 U.S. 197, 79 S.Ct. 188. We have found it right to wihhold relief not unlike that sought here, even in the face of claims of extraordinary hardship. Dunn v. Retail Clerks et al., 299 F.2d 873 (C.A.6, 1962); Cross Co. v. Leedom, et al., 271 F.2d 247 (C.A.6, 1959). In the latter case, the employer went through burdensome and hazardous procedure following its refusal to bargain, but ultimately succeeded in overturning the certification there involved. Cross Company v. N.L.R.B., 286 F.2d 799 (C.A.6, 1961).
 
 
 10
 In exercising our discretion in ruling on the application before, us, we do not decide the merits of Eastern's appeal. Our review of the above authorities persuades us that there is sufficient doubt as to the soundness of Eastern's position to call for our denial of the interlocutory relief sought. Dunn v. Retail Clerks, etc., 299 F.2d 873, 874 (C.A.6, 1962).
 
 
 11
 We have considered Eastern's contention that Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939; Leedom v. Kyne, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210; Fay v. Douds, 172 F.2d 720 (C.A.2, 1949) and other cited authorities provide precedent for a holding that this case should be treated as an exception to the rule limiting the method of review in certification cases. We do not, at this time, find them so clearly supportive of Eastern's position as to warrant the issuance of the writ asked.
 
 
 12
 Appellant's Motion for Injunction Pending Appeal is hereby denied without prejudice to renewal, in the event necessity therefor occurs.