CITY CAB COMPANY, a Michigan corporation, Plaintiff,

v.

Thomas ROUMELL, as Regional Director, Seventh Region, National Labor Relations Board, Detroit, Michigan, Defendant.

Civ. A. No. 23796.

United States District Court
E. D. Michigan, S. D.

June 20, 1963.

William J. Mullaney, Detroit, Mich., for plaintiff.

Stuart Rothman, General Counsel, Dominick L. Manoli, Associate General Counsel, Marcel Mallet-Prevost, Asst. General Counsel, Stephen B. Goldberg, Gary Green, Attorneys, N. L. R. B., Washington, D. C., Jerome H. Brooks, Regional Attorney, N. L. R. B.-Reg. 7, Detroit, Mich., for defendant.

FREEMAN, District Judge.

This proceeding is before the Court on the motion of defendant to dismiss the complaint on the grounds that (1) this Court lacks jurisdiction over the subject matter of the action; (2) the action is premature; and (3) the complaint fails to state a claim upon which relief can be granted. The plaintiff, a non-profit membership corporation, which is comprised of 58 members who own and operate taxicabs in the City of Detroit, is seeking to enjoin the Regional Director, Seventh Region of the National Labor Relations Board, from holding an election, pursuant to its directive order, among the drivers of its members to determine if such drivers wish to designate as their collective bargaining agent the petitioning Union, City Cab Drivers Association.

The gist of the complaint is that such order was an abuse of power on the part of the Board and its enforcement would constitute a deprivation of property without due process of law under the Fifth Amendment. The plaintiff also claims that it has no adequate remedy at law since the decision of the Board is not presently appealable and will not be appealable until an election is held, a majority of the drivers vote in favor of Union representation, and the plaintiff is cited for an unfair labor practice if it refuses to recognize the Union. Plaintiff contends that this procedure is costly and constitutes unconscionable delay in the judicial determination of plaintiff's rights and may subject plaintiff to concerted activities on the part of the employees of its members. Plaintiff further alleges that if the employees vote against Union representation, it will have no judicial opportunity to determine its legal rights and status.

The Board held in its decision, reported in 141 NLRB 107, that the plaintiff and its members jointly employed the drivers of such members. The Board found that each of the members hires and discharges his own drivers, sets their wages and hours of employment, maintains his own payroll records, is responsible for purchasing, insuring and repairing his own cabs, and that no single member meets the Board's jurisdictional standard of $500,000 gross retail business for taxicab companies.

However, the Board noted that the plaintiff exercises substantial control over each member's drivers in their day-to-day conduct in that all drivers must conform to rules which have been drawn up by plaintiff after being approved by its members, employs a driver-superintendent who has authority, likewise approved by the members, to call cabs off the streets for any violation of these rules, maintains a Board which meets every week to consider complaints against any drivers, and although it is contended that the Board of Review only recommends disciplinary action to the member employing the offending driver, the effect of such recommendations is best viewed in the light of plaintiff's By-laws, which provide that a member may be expelled from the organization for cause. The Board further found that the combined gross revenues of plaintiff's membership exceeded the $500,000 jurisdictional amount.

The initial issue is whether this Court has jurisdiction over the subject matter of the instant case.

Plaintiff contends that jurisdiction exists under § 24(8) of the Judicial Code, 28 U.S.C. § 1337, which confers "orig-

inal jurisdiction of any civil action or proceeding arising under any Act of Congress." It argues in support of its contention that the Board had no jurisdiction to enter the order directing the holding of an election and, consequently, under the doctrine enunciated in Leedom v. Kyne, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958), this Court has jurisdiction over the subject matter of the instant case.

The Kyne case did involve an action in a District Court under 28 U.S.C. § 1337. However, in that case, plaintiff was the collective bargaining representative of a professional class of employees, and Congress had expressly directed the National Labor Relations Board, in determining an appropriate unit for collective bargaining purposes, shall not approve a unit composed of both professional and non-professional employees, unless approved by a majority vote of the former, pursuant to § 9(b) (1) of the National Labor Relations Act, 29 U.S.C. § 159(b) (1). The Board denied this class of professional employees their express statutory right, and these employees neither at that time or at any later time in connection with some foreseeable order could secure judicial review of the Board's denial of their specific statutory right. Consequently, under those circumstances, the Court upheld the exercise of jurisdiction by the District Court to enforce a specific right that Congress had given these employees, or otherwise such right would have been rendered unenforceable at any time.

In the recent decision of McCulloch v. Sociedad Nacional de Marineras de Honduras, 372 U.S. 10, 83 S.Ct. 671, 9 L.Ed. 2d 547 (1963), where the Supreme Court held that the NLRB did not have jurisdiction over a vessel legally owned by a foreign subsidiary of an American corporation that flies the flag of a foreign nation, carries a foreign crew represented by a foreign Union, and has other contacts with the nation of its flag, it made the following observations concerning the limited jurisdiction of a District Court to enjoin an election order of the Board

372 U.S. at pp. 16–17, 83 S.Ct. at p. 675:

"We are not of course precluded from reexamining the jurisdiction of the District Court in Sociedad's action, merely because no challenge was made by the parties. Mitchell v. Maurer, 293 U.S. 237, 244 [55 S. Ct. 162, 79 L.Ed. 338] (1934). Having examined the question whether the District Court had jurisdiction at the instance of Sociedad to enjoin the Board's order, we hold that the action falls within the *limited exception* fashioned in Leedom v. Kyne, 358 U.S. 184 [79 S.Ct. 180, 3 L.Ed.2d 210] (1958). In that case judicial intervention was permitted since the Board's order was 'in excess of its delegated powers and contrary to a specific prohibition in the Act.' Id., [358 U.S.] at 188 [79 S. Ct., at 183, 184]. While here the Board has violated no specific prohibition in the Act, the overriding consideration is that the Board's assertion of power to determine the representation of foreign seamen aboard vessels under foreign flags has aroused vigorous protests from foreign governments and created international problems for our Government. Important interests of the immediate parties are of course at stake. But the presence of public questions particularly high in the scale of our national interest because of their international complexion is a uniquely compelling justification for prompt judicial resolution of the controversy over the Board's power. No question of remotely comparable urgency was involved in Kyne, which was a purely domestic adversary situation. *The exception recognized today is therefore not to be taken as an enlargement of the exception in Kyne.*" (Emphasis added.)

█ In the instant case, plaintiff does not allege that any specific statutory right that it possesses has been disregarded by the Board. Its disagree-

ment with the Board is over the application of the joint-employer doctrine to the facts of the instant case. Plaintiff's dispute with the Board's decision only involves the question of what inferences should be drawn from certain undisputed basic facts. It cannot be said that the Board's inferences are without any legal basis that would render the Board's action so patently without legality that it would constitute a deprivation of plaintiff's property rights without due process of law. Further, there is admittedly an avenue of review open to the plaintiff following a certification order by the Board, under the provisions of either § 10(e) of the Act, Title 29 U. S.C. § 160(e), where it may resist an unfair labor charge for failure to recognize the Union, or § 10(f) of the Act, Title 29 U.S.C. § 160(f), where it may attack such an unfair labor charge.

The plaintiff claims that the Union may resort to recognitional picketing instead of bringing an unfair labor charge before the Board. Even if this factor could confer jurisdiction upon a District Court, there is no claim made that there has been any threat of such action. Though this factor may have relevance to such equitable considerations as determining irreparable harm or in balancing equities, it does not answer the question whether Congress intended that a District Court review an election order of the Board prior to the holding of the election in a case where the Board has not violated any express statutory command of Congress or where there are no special public policy considerations involved. See Eastern Greyhound Lines v. Fusco (C.A.6, 1962), 310 F.2d 632.

The legislative history of the National Labor Relations Act reveals that Congress has consistently set itself firmly against a provision for early judicial review of an election order of the Board because "such provision would permit dilatory tactics in representative proceedings." See H.R.Conf.Rep. No. 510, 80th Cong., 1st Sess., pp. 56–57, U.S.Code Cong. & Adm.News, 1947, p. 1135, and Hearings before Senate Committee on Education and Labor on S. 1000, et al., 76th Cong., 1st Sess. pp. 584–587.

In other words, from the inception of the Act in 1935, Congress has weighed the policy of avoiding possible inconvenience and hardship to employers with that of preventing delay in holding representation proceedings and has definitely decided in favor of the latter. See National Labor Relations Board v. Falk Corp., 308 U.S. 453, 459, 60 S.Ct. 307, 84 L.Ed. 396 (1940); dissent by Brennan, J., in Leedom v. Kyne, supra, 358 U.S. pp. 191–197, 79 S.Ct. pp. 185–188; Eastern Greyhound Lines v. Fusco, supra, (C.A.6, 1962), 310 F.2d 632.

Under these circumstances, the authorities, with the exception of one decision, hold that no jurisdiction lies in a District Court to enjoin the enforcement of the Board's election order and that the plaintiff must proceed under either § 10 (e) or § 10(f) of the Act, Consolidated Edison Co. v. McLeod (C.A.2, 1962), 302 F.2d 354; Atlas Life Insurance Co. v. Leedom (C.A., Dist.Col., 1960), 109 U.S. App.D.C. 97, 284 F.2d 231; Leedom v. International Brotherhood of Elec. Workers (C.A., Dist.Col., 1960), 107 U.S.App. D.C. 357, 278 F.2d 237; Volney Felt Mills, Inc. v. LeBus (C.A.5, 1952), 196 F.2d 497; Norris v. N. L. R. B. (C.A., Dist.Col., 1949), 85 U.S.App.D.C. 106, 177 F.2d 26; Reeves v. Phillips (N.D., Georgia, 1962), 206 F.Supp. 847. See also Eastern Greyhound Lines v. Fusco, supra (C.A.6), 310 F.2d 632; Suprenant Mfg. Co. v. Alpert (D.Mass., January 31, 1963), 219 F.Supp. 867, 52 LRRM 2697.

In Eastern Greyhound Lines v. Fusco, supra, 310 F.2d pp. 634–635, where the Sixth Circuit denied a motion for an injunction pending appeal from a decision of the District Court, which held that it had no jurisdiction to enjoin an election order of the National Labor Relations Board, the Court stated:

"By its complaint in this case, Eastern seeks to have the District Court review and set aside the NLRB determination that its dispatchers are not within the meaning of § 2 of the NLRA (§ 152(11), Title 29 U.

S.C.A.). It contends that the Board erred in its weighing of the evidence relevant to the issue presented and arrived at erroneous factual conclusions. Under applicable decisions, it seems now to be clear that unless the Board's action is so patently without legality as was the case in Leedom v. Kyne, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210, the route of review of a certification order of the Board is through Sections 9(d) and 10(e) of the Act (§§ 159 (d) and 160(e), Title 29 U.S.C.A.) whereby an employer or a union may, by resistance to an unfair labor charge, obtain a review of such certification."

The only reported decision which is contrary to the overwhelming weight of authority is the case of Greyhound Corporation v. Boire (S.D., Florida, 1962), 205 F.Supp. 686, affirmed per curiam, Boire v. Greyhound Corp. (C.A.5, 1962), 309 F.2d 397, cert. granted, 372 U.S. 964, 83 S.Ct. 1090, 10 L.Ed.2d 128.

Since the Fifth Circuit's decision in Boire is presently pending before the United States Supreme Court, this Court feels it should make three brief observations concerning such decision. First, neither the District Court nor the Fifth Circuit discusses the applicability of the previous decision of that Circuit in Volney Felt Mills v. LeBus, supra, which reached a result opposite to Boire, and where the Court said (196 F.2d p. 498):

"Appellant is not, as it claims, standing remediless, its constitutional rights invaded and taken away without affording it a judicial hearing. Its day in court will come, and soon, if it presses its available remedies. For that day it must, as all others similarly situated must, wait with such fortitude and patience as it can muster."

Secondly, the District Court states that that case is controlled by Leedom v. Kyne, supra, without analyzing the significance of that decision along with the pertinent legislative history of the National Labor Relations Act. Thirdly, Boire was de-

cided both by the District Court and the Fifth Circuit prior to the Supreme Court's decision in McCulloch v. Sociedad Nacional, supra, which explained "the limited exception fashioned in Leedom v. Kyne * * *."

With all due respect to the Fifth Circuit, and in view of the unavoidable delay in the Supreme Court's reviewing Boire, this Court feels that it should follow the holdings of the majority of the Courts and the strong language of the Sixth Circuit in Eastern Greyhound Lines v. Fusco, supra, and dismiss the plaintiff's complaint for lack of jurisdiction. Since this Court has favorably disposed of the motion of the defendant on the jurisdictional ground, it will not be necessary to discuss the remaining two grounds urged in support of such motion.

An appropriate order may be submitted.