The EAGLE-PICHER COMPANY, Plaintiff,

v.

Hugh E. SPERRY, Regional Director, National Labor Relations Board, Defendant,

and

International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (U.A.W.), AFL-CIO, Intervenor.

No. 14842-1.

United States District Court
W. D. Missouri, W. D.
March 9, 1964.

McMath, Leatherman, Woods & Youngdahl, Little Rock, Ark., Chas. B. Blackmar, Swanson, Midgley, Jones, Blackmar & Eager, Kansas City, Mo., Charles S. Dautel, Cincinnati, Ohio, for plaintiff.

Thomas C. Hendrix, Kansas City, Mo., for defendant.

C. David Whipple, Krings, Whipple, Mauer & Eisler, Kansas City, Mo., for intervenor.

JOHN W. OLIVER, District Judge.

This case pends on plaintiff's motion for summary judgment and on defendant's alternative motion to dismiss, or, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, for summary judgment, should it be determined that we have jurisdiction. Defendant's motion to dismiss is well taken and will be sustained. Both defendant's alternative motion for summary judgment and plaintiff's motion for summary judgment will be denied because we are convinced that we do not have jurisdiction over the subject matter of plaintiff's complaint.

Plaintiff filed its complaint on February 19, 1964 seeking to invoke the general equity jurisdiction of this Court, conferred by § 1337 of Title 28, United States Code. That complaint alleged that the National Labor Relations Board had set aside an election which the employer won by a vote of 218 to 210 votes, and had ordered that a second election be held on February 27, 1964 [1]; that "the decision of the Board setting aside the election is illegal and unconstitutional in that the purported ground for the setting aside of the said election is laid in certain statements made and circulated by the employer prior to the holding of the aforesaid election on June 13, 1963;" that the matters relied upon by the Hearing Examiner and by the Board were "lawful and permissible expressions of opinion;" and that the "plaintiff has the constitutional and statutory right to disseminate the views set forth" in the report of the Hearing Examiner and the opinion of the Board.

In an effort to establish jurisdiction in what is unquestionably a narrow and exceptional area, plaintiff alleged that:

"The Board by its action [setting a second election] threatens to deprive the plaintiff of its rights under Article I of the Amendment to the Constitution of the United States

---

1. Although the Board directed that a second election be held on January 23, 1964, the date of February 27, 1964 was not set until some time later. Primarily at our suggestion, the parties agreed that the election be postponed until March 13, 1964 in order to afford the parties an agreed adequate period of time within which to properly brief the legal questions presented by this case.

and under Section 8(c) of the National Labor Relations Act. The said decision and order of the Board therefore is a nullity and can not serve as the basis for the holding of a second election."

The customary allegations of inadequacy of legal remedy were then made in the complaint and plaintiff prayed for an order of this Court that would find "that the above described decision and order of the National Labor Relations Board is illegal and unconstitutional" and that we enter "such temporary and permanent injunctions as are necessary to prohibit the defendant from holding or conducting or threatening to hold or conduct the [second] election."

After several conferences with counsel, the parties agreed that an order be entered permitting the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, (U.A.W.), AFL-CIO, the union involved, to intervene. Such an order was entered March 4, 1964.

On February 23, 1964, the parties, pursuant to agreements made at an early pre-trial conference, filed a stipulation attaching a transcript of the hearing held before the Hearing Examiner on October 15, 1963; copies of all exhibits received in evidence at that hearing; a copy of the Hearing Examiner's report; and a copy of the Decision and Order of the National Labor Relations Board dated January 23, 1964.

That stipulation also reflected the pre-trial agreement of the parties that the exhibits attached to the stipulation "constitute all of the evidence necessary for a decision in the case" and that "none of the parties desires to introduce any or further evidence." It is therefore apparent that if we had jurisdiction, the case would be in proper posture to permit us to rule on the motions for summary judgment.

Plaintiff's brief in support of its summary judgment motion was filed February 28, 1964. Defendant filed its brief on March 6, 1964. We received intervenor's brief early on Saturday morning, March 7, 1964. At four o'clock on the same day, plaintiff's counsel indicated that they wanted to file a reply brief. Leave was granted until Monday noon. The tempo of decision of this case, requiring as it has weekend consideration by the Court, was accelerated by plaintiff's expressed desire to have a decision well in advance of the presently established election date of March 13, 1964.

We have studied all of the exhibits attached to the stipulation and all briefs filed by the parties, including plaintiff's reply brief filed Monday morning, March 9, 1964.

Plaintiff, on page 4 of its original brief, quite properly makes reference to "the Court's questioning of the sufficiency of the jurisdictional statement as set forth in paragraph 2 of the complaint" at one of the pre-trial conferences. We then raised, as we must in every case, the question of our jurisdiction. The briefs of all the parties establish that the question of our jurisdiction is still the determinative question to be decided.

All of the cases cited by plaintiff under its Section 8(c) argument (pages 11 et seq. of its brief) demonstrate that the sort of question that plaintiff would have us pass upon is routinely passed upon by the various Courts of Appeals acting pursuant to specific statutory review sections contained in the National Labor Relations Act. Familiarity with that line of cases prompted our pre-trial inquiry.

Plaintiff made clear then, and again makes clear in its brief, that it seeks to invoke only our general equity jurisdiction. The authorities that we shall cite make clear that, by comprehensive and adequate provisions for judicial review, the Congress did not intend that a district court have or exercise jurisdiction over this type of case under the broad grant of Section 1337.

One of the more recent cases cited by plaintiff, Cone Brothers Contracting Co. v. National Labor Relations Bd., 5th Cir., 1956, 235 F.2d 37, provides a signpost to the long and almost unbroken line of de-

cisions that establishes that plaintiff's basic jurisdictional contention in this case is not tenable. The first sentence of Cone Brothers states that "the employer's petition for review of the findings and Order of the Board, the principal attack, deferred *of necessity* to this time," referring, of course, to the employer's attack on the Board's order in the Court of Appeals, as distinguished from a district court. Cone Brothers did not think it necessary to do any more than cite Volney Felt Mills, Inc. v. Le Bus, 5th Cir., 1952, 196 F.2d 497, to express the necessity involved.

In Volney Felt Mills, the Fifth Circuit distinguished both Fay v. Douds, 2nd Cir. 1949, 172 F.2d 720, and Worthington Pump & Machinery Corp. v. Douds, D.C. N.Y.1951, 97 F.Supp. 656, (both of which are relied upon by plaintiff in this case) and held that "exclusive initial jurisdiction over matters arising under the Labor Management Relations Act, 29 U.S.C.A. § 141 et seq., is vested, by Congressional enactment, in the National Labor Relations Board, and a district court has no jurisdiction to entertain actions based thereon or growing thereout." That case involved an effort to have a district court enjoin the certification of the results of an election.

It was ten years ago that Volney Felt Mills definitively determined that:

"Appellant is not, as it claims, standing remediless, its constitutional rights invaded and taken away without affording it a judicial hearing. Its day in court will come, and soon, if it presses its available remedies. For that day it must, as all others similarly situated must, wait with such fortitude and patience as it can muster."

National Labor Relations Board v. Realist, Inc., 7 Cir. 1964, 328 F.2d 840, is an example of how a factual situation almost identical to that presented in this case is reviewed judicially by the proper Court of Appeals.

The most recent case confirming our determination of the basic jurisdictional question against plaintiff's contentions,

and a case that expressly distinguishes the principal cases upon which plaintiff here relies, is Eastern Greyhound Lines v. Fusco, 6 Cir. 1963, 323 F.2d 477.

The complaint in that case, as plaintiff's complaint in this case, attempted to plead an action within the narrow exception stated in Leedom v. Kyne, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958). That complaint alleged that the Board's decision was "in excess of the Board's delegated powers and not supported by the evidence" and that the action of the Board was "an invasion of plaintiff's property rights and denied plaintiff due process of law in violation of the Fifth Amendment to the Constitution of the United States." (l. c. 478–479 of 323 F. 2d).

The district court dismissed the complaint for lack of jurisdiction. The Court of Appeals for the Sixth Circuit affirmed, holding, on page 479 of 323 F.2d:

"But for one case hereinafter noted, it appears to have become settled law that, unless an employer can bring itself within the limited exceptions of Leedom v. Kyne, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210, its challenge to a Board's election or certification orders can be made only when enforcement or review of said orders is sought in the Court of Appeals under § 10(e) or (f) of the Act, 29 U.S.C.A. § 160(e) and (f)."

In addition to Volney Felt Mills, decided by the Fifth Circuit, Eastern Greyhound Lines relied upon numerous of the similar decisions decided by Courts of Appeals of still other circuits. It then held that:

"The above cases thoroughly discuss the reason supporting the rule we follow. We need not here reargue its soundness. It is sufficient to say that these decisions express the view that Congress deliberately designed its statute so that collective bargaining would not be impeded or delayed by allowing injunctions to suspend its beginning until a Board order could be tested by plenary review in the district courts. Congress, aware

of the construction placed on its statute, has refused to so amend it as to provide an earlier and more direct review."

The one case referred to in the first quotation we made from Eastern Greyhound Lines that is conspicuously out of line is Greyhound Corp. v. Boire, D.C., 205 F.Supp. 686, affirmed per curiam by the Fifth Circuit in 309 F.2d 397. Certiorari was, not surprisingly, granted and that case was argued in the Supreme Court on February 17, 1964. We shall withhold this opinion until after we learn whether the Supreme Court will have decided that case on Monday, March 9, 1964. But we will not withhold our determination of this case longer than that because we agree completely with the Sixth Circuit that unless otherwise directed by the Supreme Court, we must respectfully decline to follow that case.[2]

We are supported in our refusal to wait longer for the Supreme Court's decision in Boire by Judge Freeman's similar refusal in City Cab Company v. Roumell, D.C.Mich.1963, 218 F.Supp. 669 at 673, and by the even more recent refusal of our colleague, Chief Judge Gibson, in Schimmel v. Sperry, No. 14888-2, decided September 9, 1963, (not officially reported).

We also agree with the Sixth Circuit in Eastern Greyhound that it is not necessary to reargue the soundness of the established rule but we do think because of the pressure of time, and because the following quotation answers so fully plaintiff's argument made in this case, that we should quote further from that case on the point that a mere charge of an invasion of constitutional right is not sufficient to bring a case within the rule of Leedom v. Kyne. That court held:

"We do not think that by charging that [the Board] finding was contrary to the facts, was arbitrary and capricious, and an invasion of East-

ern's constitutional rights, Eastern's complaint presented a case calling for entertainment by the District Court under the rule of Leedom v. Kyne. We find only one case in which the Supreme Court has, since Leedom v. Kyne, held that its facts sustained District Court jurisdiction. In McCulloch v. Sociedad Nacional de Marineras de Honduras, 372 U.S. 10, 83 S.Ct. 671, 9 L.Ed.2d 547, the Supreme Court held that our National Labor Relations Act did not give the Board jurisdiction to order a representation election, sought by an American union, among employees on foreign flag ships, who were aliens and already represented by foreign unions. * * * District Court jurisdiction was sustained. The Court was careful to say, however, 'The exception recognized today is * * * not to be taken as an enlargement of the exception in Kyne.'

"We find nothing in the case at bar to warrant its being excepted from the general rule."

Plaintiff's argument in regard to free speech, of course, assumes that the guarantees of the First Amendment are absolutes. Particularly in the area of labor relations, such a proposition can not be sustained, even, as plaintiffs attempt on page 14 of their brief, by the invocation of the ghost of Thomas Jefferson. For a short period of time following certain decisions by the Supreme Court, labor unions argued that all peaceful picketing was nothing more than an exercise of free speech. More recent decisions of the Supreme Court establish that such an absolute position is untenable. The earlier Supreme Court cases are cited in Fred Wolferman, Inc. v. Root, 356 Mo. 976, 204 S.W.2d 733, 174 A.L.R. 585, cert. denied 333 U.S. 837, 68 S.Ct. 608, 92 L.Ed. 1122. The later ones may be found by running those cases in the citator.

**2.** We are this day [March 9, 1964] advised by the Clerk of the Supreme Court that Boire was not decided today. Since our order was entered, and on March 23, 1964, the Supreme Court reversed Boire. See Boire v. Greyhound Corp., 84 S.Ct. 894.

During the election campaign that preceded this case, plaintiff itself took a far different position concerning the question of whether it had any unrestricted and absolute right of free speech. When challenged to a debate by the union (Exhibit 24), the employer declined (Exhibit 15), and, among the other things, stated that "there are many legal restrictions upon what a company can say to its employees." The employer also advised its employees that it was "because of these restrictions [that] such a debate could not fully present all of the reasons why you do not need a union." That letter of the employer quoted its telegraphed reply to the union which read as follows:

> "We must decline your challenge to debate the issues now confronting our people. *Legal restrictions on the free speech rights* of an employer prevent a full discussion of why our people do not need a union. Personal encounter and public circus such as you propose would be inconclusive and unworthy of such a serious matter." (Emphasis ours)

So far as we have been able to ascertain from our study of the record, the references just cited were the only mention of free speech made by any one until plaintiff filed its complaint in this Court. We are convinced by the authorities cited and the cases referred to in those cases that plaintiff's free speech argument, involving as it does a review of a relative and not an absolute concept, must be addressed to the Court of Appeals and not to this Court.

In order to render our decision in this case we have followed the schedule agreed upon by the parties. Since that agreement was made, plaintiff has sought to have us make some sort of an order that would again postpone the date of the second election. We have refused to do so although we indicated that we would approve any postponement that was agreeable to all the parties. No such agreement was ever reached.

Because plaintiff has indicated the possibility of an appeal or other appellate relief in connection with its presently unsuccessful effort to obtain a second postponement from the date it initially agreed to for holding of the second election, we call attention to the only decision that we have been able to find as to what juridical considerations would regulate the exercise of our discretionary power to grant any relief that might affect the agreed date of the second election.

In an early stage of the Eastern Greyhound litigation above referred to, a not dissimilar problem was presented to the Court of Appeals for the Sixth Circuit following the initial dismissal by the district court of the complaint there involved.

After the district court had dismissed that complaint, the employer filed its notice of appeal. It then filed a motion in the Court of Appeals to maintain status quo until after that appeal was heard by the Court of Appeals on the merits. In Eastern Greyhound Lines v. Fusco, 6th Cir. 1962, 310 F.2d 632, the Court of Appeals for the Sixth Circuit refused to exercise its admitted discretion to issue a stay to preserve the status quo.

In order that plaintiff may plan any other anticipated legal steps to stop the second election, either in this or some appellate court, we think it only fair to indicate our general agreement with what the *Court of Appeals for the Sixth Circuit* said in the cited case.

■ The problem of whether a district court should issue a stay order pending appeal pursuant to power vested by Rule 62(c) of the Rules of Civil Procedure, is governed by considerations not dissimilar from those that come into play when a district court makes a determination as to whether it should or should not make a certification that an appeal taken in forma pauperis is or is not taken in good faith. We discussed the latter considerations in Johnson v. Settle, W.D. Mo.1962, 209 F.Supp. 279 at 280, et seq. (appeal dismissed as frivolous by the Court of Appeals in 8 Cir., 310 F.2d 349).

If plaintiff is not able to show us more than what we now know about this case

from the stipulated record, we are presently of the judgment that plaintiff's claim is plainly frivolous and that our discretionary power vested by Rule 62 (c) of the Rules of Civil Procedure should not be exercised in favor of plaintiff's pending appeal, if indeed plaintiff should file an appeal.

We do not mean to say that we would not carefully review any application of any sort that plaintiff might file in this Court. We can not, however, overlook the fact that lawyers plan their litigation moves on the basis of the probability of success and that counsel for plaintiff have given every evidence that they are now in a hurry to attempt to delay again the second election beyond the date they originally agreed to. We are hopeful that what we have said affords additional data that counsel may take into account in making their plans.

For the reasons stated, defendant's motion to dismiss should be and is hereby sustained. Because we lack jurisdiction of the subject matter, plaintiff's motion for summary judgment should be and is hereby denied. It is clear, of course, from what we have said and from the authorities to which we have referred, that had we determined that we did have jurisdiction of the subject matter we would have sustained defendant's motion for summary judgment and denied plaintiff's similar motion. Even, however, an application of Judge Learned Hand's rule in Fay v. Douds, supra, 172 F.2d at page 723, would require the determination that plaintiff's assertion of an alleged violation of its rights under the First Amendment in this case is "transparently frivolous", within the meaning of that rule. And certainly the considerations suggested by Judge Kaufman in Worthington Pump & Machinery Corp., supra, 97 F.Supp. at page 660 et seq. would have required that no temporary injunction should have been issued.

For all these reasons, we believe we have jurisdiction only to dismiss plaintiff's complaint. This order of dismissal is intended as a final order and the Clerk shall so indicate on the record.

We again express our appreciation to all counsel for their cooperation and their briefs that aided so materially in the prompt determination of legal issues presented.

It is so ordered.