332 F.2d 564
 URETHANE CORPORATION OF CALIFORNIA, a corporation, Appellant,
v.
Ralph E. KENNEDY, Individually and as Regional Director for
Region Twenty-One(21) of the National Labor Relations Board,
Appellee, International Chemical Workers Union, Local No. 1,
AFL-CIO, Intervenor.
 No. 18679.
 United States Court of Appeals Ninth Circuit.
 May 26, 1964.
 
 McCutchen, Black, Harnagel & Shea, G. William Shea, James K. Herbert, Jr., Los Angeles, Cal., for appellant.
 Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, James C. Paras and Stephen B. Goldberg, Attys., N.L.R.B., Washington, D.C., Daniel Harrington, N.L.R.B., Los Angeles, Cal., for appellee.
 Bodle & Fogel, Daniel Fogel and Stephen Reinhardt, Los Angeles, Cal., for appellee-intervenor International Chemical Workers Union, Local No. 1, AFL-CIO.
 Before HAMLEY, HAMLIN and KOELSCH, Circuit Judges.
 PER CURIAM:
 
 
 1
 Urethane Corporation of California brought this action against the Regional Director of Region Twenty-One of the National Labor Relations Board to enjoin defendant from ordering or holding a representation election among plaintiff's employees within twelve months of a previous election. The holding of such an election, it was alleged, would violate section 9(c)(3) of the Labor Management Relations Act, 1947, as amended, 73 Stat. 519, 542; 29 U.S.C. 159(c) (3) (1958). Plaintiff also asked for an order directing defendant to certify the results of the previous representation election.
 
 
 2
 The district court dismissed the action for lack of jurisdiction over the subject matter, and Urethane appealed. At the oral argument counsel for both parties advised the court that there was then pending in the Supreme Court the case of Greyhound Corp. v. Boire, 205 F.Supp. 686 (S.D.Fla.) aff'd 309 F.2d 397 (Fifth Circuit), certiorari granted 372 U.S. 964, 83 S.Ct. 1090, 10 L.Ed.2d 128, the decision in which would be dispositive of this appeal. Following the argument we therefore entered an order providing that the instant case would be deemed submitted when the Supreme Court rendered its decision in the Greyhound case.
 
 
 3
 The decision of the Supreme Court, sub nom. Boire v. The Greyhound Corp., 84 S.Ct. 894, was rendered on March 23, 1964, and we are advised that no petition for rehearing has been filed therein. It was there held that under circumstances substantially the same as those in the case before us, orders of the National Labor Relations Board in certification proceedings under section 9(c) of the Act are not directly reviewable in the courts.
 
 
 4
 The judgment is therefore affirmed.