**TELEFLEX INDUSTRIAL PRODUCTS, INC., Plaintiff,**

v.

**BRUNSWICK CORPORATION, Defendant.**

Civ. A. No. 68–1730.

United States District Court E. D. Pennsylvania.

Nov. 26, 1968.

Matthew J. Broderick, Dechert, Price & Rhoades, Philadelphia, Pa., for plaintiff.

Edward W. Mullinix, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for defendant.

### MEMORANDUM

JOHN MORGAN DAVIS, District Judge.

On October 29, 1968, I denied the plaintiff's motion to preliminarily enjoin the tie-in sale of certain instruments and instrument panels currently being produced by the defendant's Kiekhafer Mercury Division, D.C., 293 F.Supp. 106.

Essentially, I determined that there was at least a preliminary showing of "technological interdependence" between the defendant's MerCruiser engines, and the instruments employed to monitor their performance.

Although the plaintiff's motion for a preliminary injunction was denied, I felt constrained to impose three conditions upon the defendant, all of which are regarded as consistent with and in furtherance of the anti-trust statutes, specifically Section 3 of the Clayton Act, 15 U.S.C. § 14.

The defendant, however, has filed an appeal specifically directed against these three conditions. In the interim, it has applied for a stay of my Order of October 29, 1968, which is presently before the Court.

Rule 8 of the recently effective Appellate Rules requires that application for a stay or an injunction "must ordinarily be made in the first instance in the district court."

In addition, Federal Civil Rule 62(c) states that a Court, "in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal * * *."

In determining the propriety of entering a stay (or injunction) pending appeal, the discretion of the Court is properly and equitably exercised principally to preserve the *status quo* pending resolution by the appellate Court. Newton v. Consolidated Gas Co., 258 U. S. 165, 177, 42 S.Ct. 264, 66 L.Ed. 538 (1922); Pugach v. Dollinger, 280 F.2d 521 (2nd Cir. 1960). In addition, there must be a showing by the petitioner that irreparable injury will result if the application for a stay is denied Eastern Greyhound Lines v. Fusco, 310 F.2d 632 (6th Cir. 1962), citing Hitchman Coal & Coke Co. v. Mitchell, 245 U.S. 229, 262, 38 S.Ct. 65, 62 L.Ed. 260 (1917).

Accordingly the standards set forth above will be applied to the three "conditions" placed upon the defendant, in the decision of October 29, 1968.

### I.

Initially, the defendant was required to "take back for full credit or refund, all unused Keikhafer Mercury instrument panels which have been heretofore furnished to OEM [original equipment manufacturer] accounts, as part of its stern drive package." While I continue to perceive the necessity of this condition for reasons set forth in my October 28 decision, implementation may properly be deferred pending resolution of the appeal, solely as a practical consideration, thereby avoiding any unnecessary transportation of the instruments and panels at issue.

### II.

Since the defendant has indicated that it "can live" with the second condition, it is apparent that no irreparable harm will result. In addition, the essential purpose of this condition is to preserve the *status quo* regarding plaintiff's participation in the so-called non-critical instrument market, and to purchase the defendant's critical instruments if it so desires. Any interim relief is therefore inappropriate and unnecessary.

## III.

 Finally, the defendant was required "forthwith to promulgate to the plaintiff .and other instrument panel manufacturers, the minimum acceptable standards and specifications for all instruments and instrument panels, to permit qualification of plaintiff's products with appropriate certification by defendant's engineering department * * * as having design characteristics suitable for use on the [MerCruiser] stern-drive product, as set forth in the MerCruiser Stern Drive Power Package Warranty. (D.Ex.1)."

Defense counsel argues that immediate implementation of this condition may cause confusion, since an irrevocable change in the defendant's position would result if this condition were fulfilled. However, the defendant has failed to demonstrate how it will be irreparably harmed. This condition merely requires the promulgation of standards to *permit qualification* if, at the trial in chief, the plaintiff can demonstrate that its instruments can be manufactured to conform to Kiekhafer Mercury standards. Whether this condition may foment speculation or conjecture among boat builders is not the significant consideration. The equitable relief of a stay pending appeal will not be entertained "against something merely feared as liable to occur at some indefinite time in the future." Eastern Greyhound Lines v. Fusco, 310 F.2d 632, 634 (6th Cir. 1962), citing Connecticut v. Massachusetts, 282 U.S. 660, 674, 51 S.Ct. 286, 75 L.Ed. 602 (1931). Clearly, there has been no demonstration by the defendant that either the *status quo* will be disturbed or that irreparable harm will result from compliance with this condition.

## ORDER

AND NOW, this 26th day of November 1968, it is HEREBY ORDERED that a stay or injunction pending appeal of the decision of this Court dated October 28, 1968 is granted as to the first condition only. Accordingly, the defendant is required to comply with the second and third conditions, in the manner set forth in the aforementioned decision.